[Cite as *Willoughby Hills v. Lyons*, 2013-Ohio-4099.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| CITY OF WILLOUGHBY HILLS, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-136** |
| STEVEN D. LYONS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Willoughby Municipal Court, Case No. 12TRD04639.

Judgment: Affirmed.

*Michael P. Germano*, City of Willoughby Hills Prosecutor, 37265 Euclid Avenue, Willoughby, OH 44094 (For Plaintiff-Appellee).

*Rick L. Ferrara*, 2077 East 4th Street, 2nd Floor, Cleveland, OH 44113 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1}   Appellant, Steven D. Lyons, appeals the judgment of conviction from the Willoughby Municipal Court, after a bench trial, on one count of failing to comply with a traffic signal, a minor misdemeanor. For the following reasons, the judgment is affirmed.

{¶2}   On June 24, 2012, appellant's vehicle collided with another motorist while attempting to turn left at an intersection in Willoughby Hills, Ohio. Appellant was charged with failing to comply with a traffic signal, a minor misdemeanor in violation of

City of Willoughby Hills ordinance 313.03. Appellant pled not guilty, and the matter proceeded to a bench trial. Upon consideration of the evidence, the trial court convicted appellant and ordered him to pay a $50 fine, plus costs.

{¶3} Following trial, appellant filed objections to the magistrate's decision, which were overruled. Appellant attempted to timely appeal the trial court's entry; however, the entry was not final or appealable because it did not set forth the fact of conviction as required by Crim.R. 32(C), nor did it adopt the magistrate's decision. In the interests of judicial economy, we treated appellant's original notice as premature and remanded the matter to the trial court which, in turn, issued a final, appealable order. Accordingly, appellant's notice of appeal, by operation of App.R. 4(C), is treated as though it was filed immediately after the trial court's later entry.

{¶4} Appellant initially asserted four assignments of error in his appellate brief. However, his fourth assignment of error was dismissed for lack of jurisdiction via this court's judgment entry of June 27, 2013. His remaining assignments of error will be addressed in reverse order for ease of discussion.

{¶5} Appellant's third assignment of error states:

{¶6} "The trial court committed plain error by convicting appellant pursuant to a fatally defective complaint."

{¶7} Appellant argues his conviction must be reversed because the traffic citation charging failure to comply with a traffic signal did not recite the correct ordinance number. The merits of this contention need not be addressed because, factually, appellant's claim is inaccurate. Appellant was charged under the City of

2

Willoughby Hills ordinance 313.03 which indeed sets forth the violation of failing to comply with a traffic signal. It provides, in relevant part:

{¶8} "No pedestrian or driver of a vehicle shall disobey the instructions of any traffic control device placed in accordance with the provisions of this Traffic Code, unless at the time otherwise directed by a police officer."

{¶9} This section was properly set forth in the traffic citation. As the city suggests, it would appear appellant has confused the ordinances from the city of Willoughby and the city of Willoughby Hills. By contrast, obedience to traffic control devices appears in City of Willoughby ordinance 414.01.

{¶10} Appellant's third assignment of error is without merit.

{¶11} Appellant's second assignment of error states:

{¶12} "The trial court erred in excluding photo evidence of a traffic signal sequence for purposes of cross-examination."

{¶13} In his second assignment of error, appellant refers to photos and a video of the traffic light sequence which he attempted to introduce at trial during the cross-examination of the on-scene officer. Appellant notes he attempted to introduce this photo and video evidence in an effort to impeach the officer's narrative of events.

{¶14} Ordinarily, a court's evidentiary rulings are reviewed under an abuse of discretion standard. *State v. Poling*, 11th Dist. Ashtabula No. 2008-A-0071, 2010-Ohio-1155, ¶19, citing *State v. Sweeney*, 11th Dist. Lake No. 2006-L-252, 2007-Ohio-5223, ¶22. Here, however, appellate review is frustrated because the excluded evidence was never proffered and is therefore not part of the record. We cannot rely on appellant's contentions in his merit brief concerning what the video or photo evidence depicted.

3

Rather, in order to preserve any error for this appeal, appellant should have proffered the exhibits pursuant to Evid.R. 103(A)(2). Without the video or photos that are the subject of appellant's assigned error, we cannot ascertain the content of the alleged inconsistencies and the extent, if any, to which they would have contradicted the officer's testimony. *See State v. Shaw*, 10th Dist. Franklin No. 94APA12-1778, 1995 Ohio App. LEXIS 3313, *17-18 (Aug. 8, 1995). As we have no proposed evidence to review, we must presume the regularity of the proceedings and cannot say the trial court abused its discretion in excluding the video or photographic evidence. *Id*. at *18.

{¶15} Appellant's second assignment of error is without merit.

{¶16} Appellant's first assignment of error states:

{¶17} "The manifest weight of the evidence did not support [the] conviction for failure to comply with a traffic signal."

{¶18} To determine whether a verdict is against the manifest weight of the evidence, a reviewing court must consider the weight of the evidence, including the credibility of the witnesses and all reasonable inferences, to determine whether the trier of fact "lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). In weighing the evidence submitted at a criminal trial, an appellate court must defer to the factual findings of the trier of fact regarding the weight to be given the evidence and credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus.

{¶19} In this case, it cannot be concluded the trial court, as the trier of fact, lost its way. Witness Robert Wilk, who was situated behind appellant at the traffic light,

4

testified he witnessed the car in front of him turn left while the light was red. Officer Matthew Nagle, who investigated the crash, explained that the sequence of the traffic lights was working properly. Though appellant testified the light was green, we are not in a position to resolve these inconsistencies in testimony on appeal. Indeed, the essence of this case—whether the traffic light was green or red—rests entirely on the credibility of the witnesses. It is well founded that the trier of fact is entitled to believe all, part, or none of a witness's testimony. *See State v. Teague*, 11th Dist. Trumbull No. 2011-T-0012, 2012-Ohio-983, ¶38. Moreover, the trier of fact is in the best position to evaluate inconsistencies in testimony by observing the witness's manner and demeanor on the witness stand—attributes impossible to glean through a printed record. *See generally State v. Sevilla*, 10th Dist. Franklin No. 06AP-954, 2007-Ohio-2789, ¶14.

{¶20} Accordingly, appellant's first assignment of error is without merit.

{¶21} The judgment of the Willoughby Municipal Court is affirmed.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.