[Cite as *Willoughby v. Willoughby*, 2014-Ohio-743.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ELENA A. WILLOUGHBY, | : | **O P I N I O N** |
| Plaintiff-Appellee/Cross-Appellant, | : | |
| - vs - | : | **CASE NO. 2012-T-0095** |
| JOHN R. WILLOUGHBY, | : | |
| Defendant-Appellee, | : | |
| STEVEN ECHOLS WATTS, DDS, INC, et al., | : | |
| | : | |
| Third Party Defendants-Appellants/ Cross-Appellees, | : | |
| (STEVEN ECHOLS WATTS, DDS, INC., ASSIGNEE FOR MARK BEATRICE, BANKRUPTCY TRUSTEE FOR JOHN R. WILLOUGHBY, | : | |
| | : | |
| Appellee/Cross-Appellant). | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 08 DR 425.

Judgment: Affirmed in part, vacated in part, and remanded.

*Michael J. McGee*, Harrington, Hoppe & Mitchell, Ltd., 108 Main Avenue, S.W., Suite 500, Warren, OH 44481 (For Plaintiff-Appellee/Cross-Appellant).

*Nancy E. Yakubek*, 524 North Park Avenue, Warren, OH 44481 (For Defendant-Appellee).

*Ned C. Gold, Jr.* and *John D. Falgiani, Jr.*, Ford, Gold & Falgiani Law Group, 8872 East Market Street, Warren, OH 44484 (For Third Party Defendants-Appellants/Cross-Appellees and Appellee/Cross-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellants/cross-appellees, Steven E. Watts ("Dr. Watts") and Steven Echols Watts, DDS, Inc. ("Watts Inc.") (jointly referred to as "appellants"), were joined as parties to a divorce proceeding. They appeal the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, ordering Dr. Watts to pay $255,488 to the "marital estate" of appellee/cross-appellant, Elena A. Willoughby ("Elena"), and appellee, John R. Willoughby ("Dr. Willoughby"). Though Watts Inc. was joined as a third-party defendant in the trial court and is a party to this appeal, the trial court's monetary judgment is against Dr. Watts only. The trial court's finding was based on the theory that Dr. Watts was unjustly enriched when Dr. Willoughby sold his dental practice to appellants for less than fair market value.

{¶2} Elena cross-appeals the trial court's partial award of her claimed attorney fees.

{¶3} In addition, Mark Beatrice, Dr. Willoughby's Chapter 7 Bankruptcy Trustee ("Trustee"), intervened in the divorce proceeding. Trustee asserted the sale of the dental practice was a preferential transfer and that there should be a credit to the bankruptcy estate. Trustee cross-appeals the trial court's division of the $255,488. Subsequent to filing the cross-appeal, Watts Inc. and Trustee entered into an agreement, which assigned to Watts Inc. all of Trustee's rights to any distribution of the judgment amount that may be obtained.

{¶4} Dr. Willoughby and Elena were married in 1972. In 1991, Dr. Willoughby moved his dental practice into a building owned by Dr. Watts' wife, Rebecca Watts, in which Dr. Watts also practiced dentistry. Dr. Willoughby and Dr. Watts entered into an

2

office-sharing agreement drafted by Attorney Ned C. Gold, Jr. The agreement included provisions for the common use of dental equipment, time-sharing arrangements, and a monthly reconciliation of expenses for consumable dental equipment. Elena worked in her husband's office.

{¶5} Pursuant to a December 15, 2008 bill of sale, Dr. Willoughby sold his dental practice to appellants for $75,000. The purchase price was satisfied by appellants forgiving a debt of $49,550.68 owed by Dr. Willoughby and cash in the amount of $25,449.32. The cash was to be paid by Dr. Willoughby to Rebecca Watts to satisfy an outstanding loan. At the time of the sale, there were no outstanding encumbrances or orders restricting this transfer.

{¶6} On December 17, 2008, Elena filed a complaint for divorce. On December 22, 2008, one week after Dr. Willoughby sold his practice, the trial court issued an order restraining both Dr. Willoughby and Elena from disposing of any marital assets.

{¶7} In July 2009, Dr. Willoughby filed for Chapter 7 Bankruptcy. Thereafter, the Willoughbys' divorce proceedings were stayed. On November 5, 2009, the bankruptcy court granted Elena's motion for relief from the stay. The order indicates that Trustee was "authorized and directed to abandon such interest he may have" in the Willoughbys' divorce proceedings.

{¶8} On March 24, 2010, Elena filed a supplemental complaint in the divorce proceedings joining appellants as parties. The supplemental complaint alleges that appellants were in possession of a marital asset, to wit: Dr. Willoughby's dental practice, which had been acquired through a fraudulent transfer in violation of R.C. 1336.01, et.

3

seq., and in violation of the common law rule against fraudulent transfers. There is no allegation in the complaint that supports the theory of unjust enrichment as a cause of action. Appellants filed an answer denying each and every averment in Elena's supplemental complaint.

{¶9} Elena also filed a third-party complaint against appellants in a case that was pending against the Willoughbys in the General Division of the Trumbull County Court of Common Pleas concerning a business debt. *PNC Bank NA v. Willoughby*, Trumbull C.P. No. 2010 CV 00297 (Apr. 9, 2013). In that complaint, Elena made the same allegations of fraudulent transfer as set forth in the divorce proceeding. Appellants moved to consolidate the two actions, but the motion was denied. Appellants appealed the denial, but we held that the denial was not a final, appealable order and thus dismissed the appeal. *Willoughby v. Willoughby*, 11th Dist. Trumbull No. 2010-T-0114, 2011-Ohio-400.

{¶10} On January 18, 2011, appellants filed a motion seeking dismissal of Elena's claims against appellants in the divorce proceeding, asserting the fraudulent transfer allegations were not "domestic relations" matters. The motion was denied.

{¶11} On July 27, 2011, Trustee filed a "complaint to avoid and recover voidable transfers and for damages" in the United States Bankruptcy Court for the Northern District of Ohio. Trustee alleged that the sale of Dr. Willoughby's dental practice was an avoidable preferential transfer; an avoidable fraudulent transfer; and appellants were transferees within the scope of 11 U.S.C. § 550(a) from whom the wrongfully transferred property, or the value thereof, could be recovered. Trustee filed a motion to intervene in the Willoughbys' divorce proceedings, which was granted.

4

**{¶12}** On March 23, 2012, appellants filed a motion to disqualify Elena's counsel—Michael McGee and the law firm of Harrington, Hoppe & Mitchell, Ltd.— alleging a conflict of interest. Appellants argued that Attorney McGee's former partner had prepared the office-sharing agreement between Dr. Willoughby and Dr. Watts, which was in issue in the divorce proceedings. Following a meeting between the court and counsel, the motion was denied with no evidence placed on the record.

**{¶13}** In an April 26, 2012, motion to freeze assets, Elena alleged that appellants had sold Dr. Watts' dental practice for less than fair market value and that Dr. Watts was moving out of the jurisdiction to hide the proceeds. There was evidence presented that appellants sold the entire practice for $560,000. An appraisal conducted for the benefit of appellants before the sale placed the practice's value at $620,632. The motion was denied.

**{¶14}** In its November 14, 2012 judgment entry granting the divorce, the trial court found Dr. Willoughby had committed financial misconduct by wrongfully dissipating a marital asset, his dental practice, with the intent to defeat Elena's claim to her share of the asset. The trial court's judgment entry indicates that two appraisers testified with regard to the value of Dr. Willoughby's dental practice at the time of sale. The appraisers reached very different conclusions concerning the value of the practice. One testified the practice was worth $330,488; the other testified the practice was worth $90,949. The trial court found that Dr. Watts was unjustly enriched by Dr. Willoughby's financial misconduct and therefore owed the marital estate $255,488. The trial court reached this amount by subtracting the $75,000 originally paid by appellants, which the

trial court found was used to pay marital debts, from the value of Dr. Willoughby's practice, which the trial court found to be $330,488.

{¶15} The trial court then determined that an equal distribution of the judgment amount between the Willoughbys was appropriate. Thus, it awarded $127,744 to Elena and $127,744 to Dr. Willoughby. The court further ordered that, pursuant to stipulation of the parties, Elena was to receive payment of spousal support arrearages out of Dr. Willoughby's half, in the amount of $76,780.46, on a contingent basis. The stipulation provides that these arrearages are to be forgiven if no award ultimately results from the third-party claim against appellants. Finally, the trial court found that an award of Elena's attorney fees was appropriate based upon the finding of Dr. Willoughby's financial misconduct. The trial court awarded Elena $43,000 in fees, to be paid from Dr. Willoughby's half of the recovery from Dr. Watts. The trial court declined to award attorney fees to Elena that were incurred in connection with the proceedings in the general division or in bankruptcy court.

{¶16} Judgment was rendered against Dr. Watts in favor of the "marital estate." The trial court's judgment entry makes no findings with regard to the supplemental complaint's allegations of fraud in the transfer of Dr. Willoughby's dental practice to appellants. The judgment of the trial court against Dr. Watts is based on the theory that he was unjustly enriched by the financial misconduct of Dr. Willoughby, not fraud. However, the supplemental complaint neither sets forth the elements of an unjust enrichment claim nor asserts it as the basis for recovery.

{¶17} Appellants assert five assignments of error:

> [1.] The Trial Court committed reversible error and acted contrary to law when it ruled against Appellants and ordered them to pay to

6

Appellees jointly the sum of $255,488 on the grounds that Appellants had been "unjustly enriched.

[2.] The court erred in failing to hold an evidentiary hearing regarding Appellants' motion to disqualify Attorney Michael McGee and his law firm as counsel for Plaintiff-Appellee because of an inherent conflict of interest.

[3.] The trial court erred and acted contrary to law in adjudicating Appellee's third-party claims against Appellants.

[4.] Under the totality of the evidence and testimony the trial court abused its discretion and committed manifest injustice in its decision entering a monetary judgment in favor of the marital estate and against Appellants and in the process violated the well established public policy of the State of Ohio against profiteering by divorce.

[5.] The trial court denied Appellants Watts due process of law.

{¶18} In her cross-appeal, Elena asserts one assignment of error:

{¶19} "The trial court abused its discretion in not awarding Elena Willoughby the full amount of her attorney's fees."

{¶20} Watts Inc., as assignee of Trustee, also asserts one assignment of error under its cross-appeal:

{¶21} "The trial court acted contrary to law and abused its discretion by dividing property of a bankruptcy estate in derogation of the rights of the Bankruptcy Trustee, who intervened in the domestic relations proceedings and did not 'abandon' his claims."

{¶22} We first address appellants' assignments of error. However, for ease of discussion, we address them out of numerical order.

{¶23} Appellants' first assignment of error challenges the trial court's application of the principle of unjust enrichment. Appellants outline several sub-issues asserting that the trial court erred (1) by applying the principle of unjust enrichment, because

7

unjust enrichment was neither pled nor argued; (2) by shifting the liability for Dr. Willoughby's financial misconduct to Dr. Watts; and (3) by finding that Dr. Watts was unjustly enriched even though an express contract governed his purchase of Dr. Willoughby's dental practice.

{¶24} Appellate courts generally review a trial court's determination in a domestic relations case for an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). As a court of equity, a trial court "must have discretion to do what is equitable upon the facts and circumstances of each case[.]" *Id.*, citing *Cherry v. Cherry*, 66 Ohio St.2d 348, 355 (1981). "The term 'abuse of discretion' is one of art, 'connoting judgment exercised by a court, which does not comport with reason or the record.' *In re V.M.B.*, 11th Dist. Portage No. 2012-P-0112, 2013-Ohio-4298, ¶26, quoting *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). We hold that the trial court abused its discretion and issued a judgment contrary to law when it applied the principal of unjust enrichment to award a judgment against appellants.

{¶25} Dr. Willoughby sold his dental practice to appellants pursuant to a written contract. The trial court found that the sale constituted financial misconduct on the part of Dr. Willoughby. It did not find any fraud or illegality in connection with the contract.

{¶26} Upon a finding of financial misconduct, a trial court may compensate the offended spouse with a distributive award or with a greater award of marital property. *See* R.C. 3105.171(E)(4). The enumerated remedies are not exclusive. *See, e.g.*, *Moore v. Moore*, 175 Ohio App.3d 1 (6th Dist.2008) (upholding the trial court's determination that a constructive trust arose by operation of law to prevent husband

8

from benefiting from his financial misconduct). Our research, however, has revealed no case in which a finding of financial misconduct resulted in a monetary award against a third party. The only logical equitable remedy for financial misconduct is against the offending spouse, i.e., the party guilty of misconduct.

{¶27} However, as a result of Dr. Willoughby's financial misconduct, the trial court found that Dr. Watts had been "unjustly enriched" at the expense of the Willoughby's marital estate.

{¶28} "'[U]njust enrichment operates in the absence of an express contract or a contract implied in fact to prevent a party from retaining money or benefits that in justice and equity belong to another.'" *Kwikcolor Sand v. Fairmount Minerals Ltd.*, 8th Dist. Cuyahoga No. 96717, 2011-Ohio-6646, ¶14, quoting *Gallo v. Westfield Natl. Ins. Co.*, 8th Dist. Cuyahoga No. 91893, 2009-Ohio-1094, ¶19. Unjust enrichment occurs when: (1) a benefit is conferred by the plaintiff upon a defendant; (2) the defendant knows of the benefit; and (3) the defendant retains the benefit under circumstances where it would be unjust to do so without payment. *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 424 (8th Dist.2011). An equitable action for unjust enrichment does not exist where there is a valid and enforceable contract. *Westbrook v. Swiatek*, 5th Dist. Delaware No. 09CAE09-0083, 2011-Ohio-781, ¶98, citing *Ullman v. May*, 147 Ohio St. 468, 477-478 (1947).

{¶29} Finding that Dr. Willoughby engaged in financial misconduct by dissipating a marital asset does not, in any way, invalidate or rescind the contract between Dr. Willoughby and appellants. The trial court made no finding of fraud or illegality with respect to the contract. The theory of unjust enrichment cannot be used to reform the

9

contract, because Dr. Willoughby was party to an express and written contract for the sale of his business. *See Westbrook, supra*. Dr. Willoughby received the bargained-for purchase price. The fact that Dr. Watts may have benefited from the transaction does not equate to unjust enrichment.

{¶30} Appellants purchased the dental practice from Dr. Willoughby at a time when Dr. Willoughby was free to sell it. At the time the practice was sold, no divorce action had been filed. There was no order restraining Dr. Willoughby from selling marital assets. There was no basis upon which the trial court could find that the marital estate conferred any benefit to appellants that they had no right to obtain. The benefit to appellants was conferred by Dr. Willoughby, who is not seeking any recovery.

{¶31} Elena cites to *Huener v. Huener*, 110 Ohio App.3d 322 (3rd Dist.1995), for the proposition that R.C. 3105.171(E)(1) allows a trial court to secure a distributive award by placing a lien on the property of a spouse guilty of financial misconduct. *Huener*, however, is readily distinguishable from the facts in this case. In *Huener*, the trial court issued an order affecting title to property held by the husband's parents, who were not parties to the case. Husband had acknowledged he was an "equitable owner" of the house. However, the court of appeals reversed, holding the trial court abused its discretion by attempting to divest the husband's parents of their interest in the property without joining them as a party. In this case, appellants were joined as parties, but there is no claim that Dr. Willoughby retained any "equitable" interest in the dental practice that was sold. Thus, *Huener* has no application to this case.

{¶32} In addition, even if the elements of an unjust enrichment theory had been satisfied, appellants would still be entitled to judgment in their favor. The trial court

issued a judgment based on a theory that was not raised in the pleadings. Appellants were defending a claim of fraud and apparently did so with success, as there was no finding that appellants engaged in any fraudulent activity. However, the record does not indicate appellants were ever put on notice to defend against a claim of unjust enrichment.

{¶33} Finally, the trial court did not order Dr. Watts to return the marital asset. It issued a monetary judgment, which appears to be in the nature of a distributive award. However, the judgment was issued against a third party, not the offending spouse. The effect of the trial court's judgment requires appellants to purchase an asset for the highest possible value, although appellants never agreed to pay that value. Appellants were willing to purchase the asset for the agreed upon price; nothing suggests they were willing to pay anything more, let alone the price the trial court ordered them to pay, which was the *highest* appraised value. All parties agreed that certain factors were negatively affecting Dr. Willoughby's professional practice and negotiated the purchase price for that practice accordingly.

{¶34} It would be a dangerous precedent to allow a trial court to "reach back" when it decides an asset was sold for less than full value and to require purchasers to pay what the trial court deems is an appropriate purchase price. There is no provision in the law that requires a purchaser, in the absence of fraud, to pay an increased price for a marital asset based on the financial misconduct of one of the spouses.

{¶35} Appellants' first assignment of error has merit. The trial court abused its discretion by placing the burden of Dr. Willoughby's financial misconduct on Dr. Watts. The trial court's judgment against Dr. Watts in favor of the "marital estate" is vacated.

11

**{¶36}** In its judgment entry granting divorce, the trial court expressly retained jurisdiction "[i]f for any reason a party does not receive the assets awarded * * * [inter alia] to make a reasonable and necessary award or order to make the other party financially whole[.]" Thus, we find it appropriate to remand this matter for consideration of a financial misconduct remedy directed toward Dr. Willoughby as the trial court deems appropriate. *See Brooks v. Brooks*, 6th Dist. Fulton No. F-11-020, 2013-Ohio-405, ¶14-16 (when unforeseen circumstances defeat a trial court's equitable division of marital assets, the trial court may make a distributive award in order to achieve equity if it expressly retained jurisdiction to make further orders).

**{¶37}** Appellants' fourth assignment of error argues that, by entering a monetary judgment in favor of the marital estate against Dr. Watts, the trial court abused its discretion, committed a manifest injustice, and violated public policy.

**{¶38}** In their fifth assignment of error, appellants argue that the trial court denied Dr. Watts due process of law and exposed him to potential multiple liability by adjudicating Elena's "third-party claims of fraud and fraudulent conveyance" and thereby permitting Elena to split her cause of action. Though couched in due process language, this assignment of error argues that the trial court lacked jurisdiction over Elena's claim that the sale of Dr. Willoughby's dental practice was a fraudulent transfer.

**{¶39}** As we have vacated the judgment against Dr. Watts under the first assignment of error, assignments of error four and five are moot.

**{¶40}** Appellants' third assignment of error contains four sub-issues. First, appellants argue the trial court erred in exercising subject matter jurisdiction over Elena's third-party claims against Dr. Watts "for fraud and statutory fraudulent transfer

12

where the same claims were filed and pending against between [sic] the parties in the general division of the common pleas court." The trial court exercised jurisdiction over the third-party claim because the dental practice was a marital asset and because Elena alleged financial misconduct in its sale. Allegations of fraud in the disposition of a marital asset are within the jurisdiction of the domestic relations court. *See* R.C. 3105.171(B); R.C. 3105.171(E)(4). The sub-issue lacks merit.

{¶41} In their next two sub-issues, appellants argue the trial court erred in finding that Dr. Willoughby had engaged in financial misconduct and in failing to enter a distributive award against Dr. Willoughby for his financial misconduct. As discussed under appellants' first assignment of error, the entry of judgment against Dr. Watts was in error. Therefore, any finding of financial misconduct and/or the failure to make a distributive award against Dr. Willoughby does not affect appellants. These sub-issues are moot.

{¶42} Finally, appellants argue the trial court erred by entering a monetary award against Dr. Watts when the case was tried as a claim of financial misconduct by dissipation of marital assets. Under appellants' first assignment of error, we determined the trial court erred in entering a monetary award against Dr. Watts for unjust enrichment based on the financial misconduct of Dr. Willoughby. Thus, this issue is also moot.

{¶43} Appellants' third assignment of error has merit only to the extent indicated in our analysis under the first assignment of error.

{¶44} In their second assignment of error, appellants argue that the trial court should have held a hearing on Attorney McGee's alleged conflict of interest and that

Attorney McGee should have been disqualified from representing Elena. A trial court's decision on a motion to disqualify counsel is reviewed for an abuse of discretion. *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423 (1995), syllabus.

{¶45} The Ohio Supreme Court has held that a hearing must be held on a motion to disqualify when an attorney leaves a firm that represents one party to an action and then joins a firm that represents another party to the same action. *Dayton Bar Assn. v. Parisi*, 131 Ohio St.3d 345, 350, 2012-Ohio-879, citing *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1 (1998), syllabus. The Court further stated, "we have never held that a court must hold a hearing before ruling on every motion for disqualification." *Id.* Attorney McGee did not leave one firm for another; thus, the trial court was not compelled to hold a hearing.

{¶46} We note that appellants have not assigned as error the trial court's failure to disqualify Attorney McGee or his firm. Thus, the issue is not before us. Furthermore, in their appellate brief, appellants merely argue that a hearing should have been held because it is likely a hearing would have resulted in disqualification. There is no evidence of a conflict of interest in the record from which we could determine that the trial court abused its discretion by failing to disqualify Attorney McGee. As we have no proposed evidence to review, we must presume the regularity of the proceedings and cannot say the trial court abused its discretion in overruling appellants' motion to disqualify. *See, e.g., City of Willoughby v. Lyons*, 11th Dist. Lake No. 2012-L-136, 2013-Ohio-4099, ¶14.

{¶47} Appellants' second assignment of error is without merit.

{¶48} We turn now to the two cross-appeals.

14

{¶49} Elena's assignment of error argues that the trial court abused its discretion when it awarded her attorney fees only for work done in the domestic relations division. She contends that the work done by Attorney McGee in the general division and the bankruptcy division was necessary to the domestic relations case. We note that, in response, appellants argue that even the partial award of attorney fees was improper; however, appellants did not assign any error with regard to the trial court's decision to award attorney fees.

> {¶50} A trial court has broad discretion in the award of attorney fees. *Birath v. Birath* (1988), 53 Ohio App. 3d 31, 39, 558 N.E.2d 63. A court's decision on a request for attorney fees will not be reversed absent an attitude that is unreasonable, arbitrary, or unconscionable. *Dunbar v. Dunbar* (1994), 68 Ohio St. 3d 369, 371, 627 N.E.2d 532.

*Bates v. Bates*, 11th Dist. Ashtabula No. 2000-A-0058, 2001 Ohio App. LEXIS 5428, *13. Following divorce proceedings, "the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." R.C. 3105.73(B). The trial court may consider any relevant factors, except that the court may not consider the parties' assets. *Id.*

{¶51} The trial court found that an award of attorney fees was appropriate in light of Dr. Willoughby's financial misconduct. The court took evidence concerning the amount and reasonableness of the fees and the necessity of the work. The court awarded $43,000 to Elena for attorney fees based on work in the domestic relations division. The court declined to award attorney fees for work done on Elena's behalf in the general division and in the bankruptcy court.

{¶52} Elena argues that once it decided to award her attorney fees, the court abused its discretion by awarding only part of them. However, the statute specifically

grants the trial court discretion to determine whether an award of "all or part" of a party's attorney fees is equitable. *See* R.C. 3105.73(B). Thus, the trial court is not required to award all attorney fees incurred and requested. We cannot say the trial court abused its discretion in this award.

{¶53} Elena's assignment of error is without merit.

{¶54} Watts Inc., as assignee of Trustee, asserts one assignment of error and argues the trial court erred when it ordered payment of Dr. Willoughby's spousal support arrearages and Elena's attorney fees out of Dr. Willoughby's half of the recovery against Dr. Watts. The assertion is that Dr. Willoughby's half of the recovery became part of the bankruptcy estate and, therefore, should have been administered by the bankruptcy court, not the domestic relations court.

{¶55} We have vacated the award against Dr. Watts. Therefore, the claim that the trial court's division of that award was in error is moot, as there is no money from Dr. Watts to divide.

{¶56} For the foregoing reasons, the trial court's judgment against Dr. Watts in favor of the marital estate is vacated. The judgment of the trial court is affirmed with regard to the award of Elena's attorney fees. Consistent with this opinion, this matter is remanded for the trial court to consider a remedy for Dr. Willoughby's financial misconduct.


CYNTHIA WESTCOTT RICE, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.


16