[Cite as *State v. Coleman*, 2014-Ohio-2708.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0072** |
| MARCUS D. COLEMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas.
Case No. 2013 CR 0261.

Judgment: Affirmed.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Matthew P. Gaeckle*, 209 South Main Street, Suite 801, Akron, OH 44308 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Marcus D. Coleman, appeals his conviction, following a jury trial, for robbery, a felony of the second degree. The issues before this court are whether the conviction was supported by the sufficiency and the weight of the evidence; whether the prosecutor's closing argument rose to the level of prosecutorial misconduct; and whether the trial court abused its discretion in not allowing appellant to explore the

reasons for the victim's prescription. For the following reasons, we affirm the decision of the court below.

{¶2} Appellant was charged with aggravated burglary pursuant to R.C. 2911.11 and robbery under R.C. 2911.02. Appellant pled not guilty to both charges, and a jury trial ensued. The jury rendered a guilty verdict on the robbery charge and a not guilty verdict on the aggravated burglary charge. Appellant was sentenced to a two-year term in prison.

{¶3} At trial, the jury heard the testimony of Crystal Zwarton, the victim. Ms. Zwarton testified that a "white guy" knocked at her door. Ms. Zwarton stated she was expecting a subpoena in relation to her recently jailed ex-boyfriend. Ms. Zwarton answered the door and maintained that appellant pushed his way into her apartment declaring he was there to collect a debt owed by her ex-boyfriend. Ms. Zwarton relayed that appellant went to her room and picked up a prescription bottle filled with Oxycodone/Percocet. Ms. Zwarton grabbed the prescription bottle from appellant, and the pills scattered on her apartment floor. Ms. Zwarton indicated that appellant grabbed her arm and moved her aside in order to exit her apartment. The grabbing of Ms. Zwarton's arm caused bruising. Appellant fled the scene of the incident by vehicle, and Ms. Zwarton called 9-1-1 to make a report. The jury heard the recording of the 9-1-1 tape.

{¶4} Patrolman Andrew Wert of the City of Ravenna Police Department also testified. Patrolman Wert arrived at Ms. Zwarton's apartment and took pictures of the pills on the ground as well as the pill bottle, which were admitted into evidence. Patrolman Wert also took a picture of Ms. Zwarton's arm, which had a small, circular red

bruise; this picture was also admitted into evidence. Patrolman Wert described Ms. Zwarton as crying and visibly upset: "Her hands were trembling. She was crying. She couldn't stop crying. She was very upset." Concerned for her pills because she was on pain management, Ms. Zwarton and Patrolman Wert began picking up the pills. Based on Patrolman Wert's count, approximately 29 pills were missing.

{¶5} Mr. Kenneth Park, the co-defendant, also testified. Mr. Park testified that he and appellant entered Ms. Zwarton's apartment. Mr. Park stated that appellant informed him that appellant had to get money or drugs from Ms. Zwarton. Mr. Park testified that appellant asked Ms. Zwarton if she wanted to get high; Ms. Zwarton informed the two that she had some "Percs." She and appellant went into her bedroom. Mr. Park noted that he heard commotion coming from the bedroom and pills scattering on the floor. The two then left Ms. Zwarton's apartment.

{¶6} On appeal, appellant raises the following assignments of error:

[1.] The prosecutor's remarks during closing argument rose to the level of prosecutorial misconduct which deprived Mr. Coleman of his right to a fair trial in violation of his 5th, 6th, and 14th Amendment Rights under the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

[2.] The Trial Court abused its discretion when it sustained the state's objection and did not permit Mr. Coleman from exploring a relevant line of questioning of the victim.

[3.] The trial court erred as a matter of law because the state failed to establish on the record sufficient evidence to support a conviction of [robbery] in violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution and Article I, Sections 1, 10 & 16 of the Ohio Constitution.

[4.] Mr. Coleman's conviction is against the manifest weight of the evidence in violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution and Article I, Sections 1, 10 & 16 of the Ohio Constitution.

{¶7} We first address appellant's third and fourth assignments of error. In these assigned errors, appellant argues that his conviction is against both the manifest weight and sufficiency of the evidence.

{¶8} When measuring the sufficiency of the evidence, an appellate court must consider whether the state set forth adequate evidence to sustain the jury's verdict as a matter of law. *Kent v. Kinsey*, 11th Dist. Portage No. 2003-P-0056, 2004-Ohio-4699, ¶11, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). A verdict is supported by sufficient evidence when, after viewing the evidence most strongly in favor of the prosecution, there is substantial evidence upon which a jury could reasonably conclude that the state proved all elements of the offense beyond a reasonable doubt. *State v. Schaffer*, 127 Ohio App.3d 501, 503 (11th Dist.1998), citing *State v. Schlee*, 11th Dist. Lake No. 93-L-082, 1994 Ohio App. LEXIS 5862, *14-15 (Dec. 23, 1994).

{¶9} Under his sufficiency argument, appellant argues the state failed to present evidence to satisfy the elements of theft and physical harm under the robbery statute. Appellant was convicted of robbery, in violation of R.C. 2911.02(A)(2), which states:

{¶10} "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶11} "Inflict, attempt to inflict, or threaten to inflict physical harm on another[.]"

{¶12} The culpable mental state for the act of "inflict[ing], attempt[ing] to inflict, or threaten[ing] to inflict physical harm" under this statute is recklessness, which is an essential element of the crime. *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, ¶14. In finding appellant guilty, the jury was required to find, beyond a reasonable

4

doubt, that appellant acted recklessly in his attempt, infliction, or threat of physical harm. "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

{¶13} Physical harm to persons means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶14} The state presented the recording of the 9-1-1 telephone call made by Ms. Zwarton, who relayed that an individual came into her apartment and stole her prescription pills. Further, the jury heard the testimony of Ms. Zwarton, Patrolman Wert, and Mr. Park. Patrolman Wert testified that after counting each pill strewn on the floor, approximately 29 pills were missing.

{¶15} Further, the jury heard testimony regarding Ms. Zwarton's bruise, as well as the exhibits depicting such. Ms. Zwarton testified that appellant grabbed her arm and pushed her to the side: appellant "left a thumb print on [her] arm from holding so tight." Ms. Zwarton also stated that she injured her leg when appellant nudged her to the side while fleeing from her apartment. Ms. Zwarton noted that she was very upset and frightened; this evidence was corroborated by Patrolman Wert's testimony that she was unable to stop crying and her hands were trembling.

{¶16} There was sufficient evidence to find appellant guilty of robbery, in violation of R.C. 2911.02(A)(2).

{¶17} Appellant also argues that his conviction was against the manifest weight of the evidence. "To determine whether a verdict is against the manifest weight of the evidence, a reviewing court must consider the weight of the evidence, including the

5

credibility of the witnesses and all reasonable inferences, to determine whether the trier of fact 'lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Willoughby Hills v. Lyons*, 11th Dist. Lake No. 2012-L-136, 2013-Ohio-4099, ¶18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). In weighing the evidence in a criminal case, "an appellate court must defer to the factual findings of the trier of fact regarding the weight to be given the evidence and credibility of the witnesses." *Id.*, citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus.

{¶18} In challenging the manifest weight of the evidence, appellant argues that Ms. Zwarton's testimony contradicts Mr. Parks' testimony. Appellant maintains that Mr. Parks testified that appellant and Ms. Zwarton moved voluntarily into the bedroom, while Ms. Zwarton testified that appellant walked alone into her bedroom. Additionally, appellant alleges that Ms. Zwarton's testimony contradicts that of Patrolman Wert. Ms. Zwarton testified that she began picking up the pills off the floor and putting them in a pile, but was scolded by Patrolmen Wert. Patrolman Wert, however, did not testify to this fact, but stated that Ms. Zwarton relayed that she had not touched any of the pills. While there may be some contradictory statements amongst the witnesses, on a manifest weight challenge we must defer to the fact finder's factual determinations on the weight of evidence and credibility of witnesses. *Thompkins, supra*, 387. Furthermore, we note that, in addition to the testimony of the witnesses, the jury listened to the 9-1-1 recording and reviewed the photographs depicting the scene of the incident and Ms. Zwarton's bruised arm. Therefore, evidence was presented that, if believed by

6

the fact finder, supported a conclusion that appellant committed the offense for which he was found guilty.

**{¶19}** Under these circumstances, we hold that the jury did not "lose its way" or create a "manifest miscarriage of justice" in finding that appellant was guilty of robbery. *Thompkins, supra*, 387.

**{¶20}** Appellant's third and fourth assignments of error are without merit.

**{¶21}** Under his first assignment of error, appellant contends the comments made by the prosecutor during the state's closing argument at trial were improper. "The test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant." *State v. Smith*, 14 Ohio St.3d 13, 14 (1984), citing *US v. Dorr*, 636 F.2d 117, 120 (5th Circ.1981). Appellant points to the following portion of the prosecutor's closing argument:

**{¶22}** "There's four people there that night; Crystal, her daughter, Kenneth Park and this Defendant. I believe after you consider all the evidence you'll find him guilty of Aggravated Burglary and Robbery. Thank you."

**{¶23}** Appellant's trial counsel immediately objected and, at a sidebar, maintained the prosecutor improperly commented on the right of a defendant to remain silent and not testify during trial. Trial counsel requested a mistrial, which was denied. At sidebar, trial counsel argued that the prosecutor "said there were four people that *knew what was going on* and he specifically named Mr. Coleman, which is not allowed." (Emphasis added.)

7

{¶24} "Comments by prosecutors on the post-arrest silence or refusal to testify by defendants have always been looked upon with extreme disfavor because they raise an inference of guilt from a defendant's decision to remain silent. In effect, such comments penalize a defendant for choosing to exercise a constitutional right." *State v. Thompson*, 33 Ohio St.3d 1, 4 (1987). Thus, a prosecutor "may jeopardize the integrity of a trial by commenting on a criminal defendant's decision not to testify." *State v. Collins*, 89 Ohio St.3d 524, 528 (2000) (citations omitted).

{¶25} Contrary to trial counsel's argument at sidebar and on appeal, the prosecutor did not comment on appellant's right to remain silent and to not testify at trial. The prosecutor was simply outlining the parties that were present at Ms. Zwarton's apartment, which included appellant. Nowhere does the record reveal that the prosecutor commented on appellant's failure to testify. We further note there was substantial evidence of appellant's guilt, including the testimony of the witnesses and the admitted exhibits. Thus, any error was harmless beyond a reasonable doubt. *See Thompson*, *supra*, 5.

{¶26} Additionally, the trial court instructed the jury that appellant has a right not to testify and they were not to consider the fact that he did not testify. The Supreme Court of Ohio has noted that "[t]he jury is presumed to have followed the court's instructions." *State v. Jones*, 91 Ohio St.3d 335, 344 (2001), citing *State v. Raglin*, 83 Ohio St.3d 253, 264 (1998). This instruction weighs against a finding of reversible error. *See Collins*, *supra*, 528.

{¶27} Appellant's first assignment of error is without merit.

{¶28} In his second assignment of error, appellant maintains the trial court erred when it did not allow trial counsel to explore the reasons for Ms. Zwarton's prescription.

{¶29} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus. A trial court's decision to exclude evidence will not be overturned absent an abuse of discretion. *State v. Benson*, 11th Dist. Portage No. 2001-P-0086, 2002-Ohio-6942, ¶7, citing *State v. Kinley*, 72 Ohio St.3d 491, 497 (1995).

{¶30} Here, the trial court was faced with weighing the potentially probative value of the testimony against its relevance and potential prejudicial value. Trial counsel attempted to question Ms. Zwarton regarding why she had a prescription for Percocet. A sidebar was held. The trial court stated the following:

{¶31} "Just ask her a question. The injury that she got was it from this incident or were you taking something before that? You can ask that. And I don't think – I don't know anything about her personal life and I'm not going to subject her to that. I have no idea what the answer would be."

{¶32} Trial counsel then stated, "[t]hat's why I asked the question, Your Honor."

{¶33} The court replied, "[w]ell, you've got an appealable issue then."

{¶34} On appeal, appellant maintains he wanted to explore the source of the prescription to determine if the prescription was a result of the bruise she claimed she recently received or whether it was a condition that would have affected her ability to wrestle with appellant when she pulled her prescription bottle from his hand. Appellant stated that if he would have been allowed to question Ms. Zwarton regarding the

9

reasons for her Percocet prescription it would have revealed any injuries she received prior to the night of the incident or her ability to pull the bottle from appellant's hand.

{¶35} Although on appeal appellant asserts his reasons for wanting to explore this line of questioning, trial counsel failed to make such a record below. The trial court explicitly stated that trial counsel was permitted to ask Ms. Zwarton whether the source of her bruising and Percocet prescription was from this incident or whether she was taking Percocet prior to the incident due to a previously-sustained injury. Trial counsel, however, neither asked this question of Ms. Zwarton nor proffered on the record why this line of questioning would have led to relevant evidence. We cannot say the trial court abused its discretion in limiting the questioning of Ms. Zwarton.

{¶36} Appellant's second assignment of error is without merit.

{¶37} The judgment of the Portage County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.