[Cite as *Owen v. Northbrook Condominium Assn.*, 2026-Ohio-1514.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| PATRICIA A. OWEN, | **CASE NO. 2025-T-0068** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| NORTHBROOK CONDOMINIUM ASSOCIATION, et al. | Trial Court No. 2021 CV 00393 |
| Defendants-Appellants, | |
| ANTHONY JOHN PAYIAVLAS, TRUSTEE OF THE ANTHONY JOHN PAYIAVLAS LIVING TRUST, | |
| Defendant-Appellee. | |

## OPINION AND JUDGMENT ENTRY

Decided: April 27, 2026
Judgment: Affirmed

*Patricia A. Owen*, pro se, 287 North Road, N.E., Warren, OH 44483 (Plaintiff-Appellee).

*Michael D. Rossi*, Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Defendants-Appellants).

*Douglas W. Ross*, Daniel Daniluk, L.L.C., 1129 Niles-Cortland Road, S.E., Warren, OH 44484 (For Defendant-Appellee).

EUGENE A. LUCCI, J.

{¶1} Appellants, Northbrook Condominium Association ("Northbrook"), Thomas and Christine Halula, and Donald and Nancy Fox, appeal the judgment of the Trumbull County Court of Common Pleas ordering appellants to specifically perform their duties as set forth in a contract into which the parties entered in 2014. We affirm.

{¶2} The pertinent history of this case was set forth in a prior opinion dismissing a premature appeal as follows:

> In 2021, [appellee, Patricia A. Owen,] filed a complaint against appellants and others seeking enforcement of a settlement agreement into which the parties entered in a previous litigation. In her prayer for relief, Owen requested the court order appellants and other named defendants to comply with the terms of the settlement agreement and to pay the amounts therein agreed for demolition and repairs to their condominium complex. Alternatively, Owen sought judgment imposing joint and several liability on appellants and other named defendants for $100,000.00 to preserve and protect a common wall that was the subject of the settlement agreement. Owen further sought attorney fees, costs, and such other relief as the court deemed proper.
>
> During the litigation, Owen and appellants filed competing motions for summary judgment. Owen maintained that she was entitled to summary judgment against appellants because appellants entered into a binding settlement agreement and failed to proceed according to its terms. Appellants maintained that Owen's complaint should be dismissed because the settlement agreement had been rescinded.
>
> On November 3, 2022, the trial court issued a judgment entry, concluding that no genuine issues of material fact existed. The court found that "a binding agreement existed that may be enforced" by the court. The court granted Owen's motion for summary judgment and denied appellants' motion for summary judgment. The trial court further determined that there was no just cause for delay. However, the trial court did not expressly grant Owen any of the relief that she requested in her complaint.
>
> Appellants noticed an appeal from the November 3, 2022 judgment entry, and this court ordered the parties to show cause as to why the appeal should not be dismissed for lack of a final, appealable order. None of the parties responded to the show cause order.

*Owen v. Northbrook Condominium Assn.*, 2023-Ohio-2653, ¶ 2-5 (11th Dist.). Because the order granting summary judgment failed to grant Owen relief, this court concluded

Case No. 2025-T-0068

that the order was interlocutory in nature and not immediately appealable. *Id.* at ¶ 10. Accordingly, we dismissed the appeal for lack of jurisdiction. *Id.* at ¶ 11.

{¶3} Following a status conference in the trial court, the parties filed briefs addressing damages. In Owen's brief, she requested the court to order appellants to comply with the terms of the agreement, to award her prejudgment interest in the amount of eight percent per annum, and to award her reasonable attorney fees.

{¶4} Thereafter, a hearing was held before a magistrate to determine the date on which Northbrook returned the unit owners the money it had originally collected for the project. However, Owen was the only party to testify at this hearing, and she could not recollect the date the money was returned to her.

{¶5} On September 4, 2025, the trial court issued an entry ordering appellants to specifically perform the parties' agreement, limiting Owen's pro-rata contribution to the estimated costs as originally set forth in the agreement, and denying her request for attorney fees.[1]

{¶6} In their first assigned error, appellants argue:

{¶7} "The Trial Court erred in entering summary judgment in favor of Plaintiff-Appellee and in denying Defendant-Appellants' cross-motion for summary judgment."

{¶8} "We review decisions awarding summary judgment de novo, i.e., independently and without deference to the trial court's decision." *Hedrick v. Szep*, 2021-Ohio-1851, ¶ 13 (11th Dist.), citing *Grafton v. Ohio Edison Co.*, 1996-Ohio-336, ¶ 10.

> Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law;

---

1. All parties aside from Owens, Payiavlas, and appellants were dismissed from this action prior to the issuance of the September 4, 2025 judgement entry.

Case No. 2025-T-0068

and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977); *Allen v. 5125 Peno, LLC*, 2017-Ohio-8941, ¶ 6 (11th Dist.), citing *Holliman v. Allstate Ins. Co.*, 1999-Ohio-116. "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Allen* at ¶ 6, citing *Dresher v. Burt*, 1996-Ohio-107, ¶ 18. "If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial." *Allen* at ¶ 6, citing *Dresher* at ¶ 18. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E).

{¶9} In the present case, the trial court granted Owen's motion for summary judgment and denied appellants' motion for summary judgment on Owen's claim for breach of contract.

{¶10} The summary judgment materials demonstrated the following facts, which are not in dispute. Owen lives in a unit of the Northbrook Condominiums, which shares a wall with a unit owned by Anthony John Payiavlas as the trustee of the Anthony John Payiavlas Living Trust ("Payiavlas"). In 2012, the City of Warren, Ohio commenced a condemnation action against Payiavlas due to the unsafe condition of his unit.

{¶11} In 2014, the city, Payiavlas, Northbrook, Owen and the other unit owners entered into a settlement agreement. Therein, Payiavlas agreed to pay for and undertake

the demolition of his unit. Northbrook and the unit owners agreed to pay a portion of the stabilization work on the Payiavlas-Owen common wall based on their respective percentage of interest in common areas. The agreement provided that "Northbrook will enter into a separate agreement with Tomorrow Home Solutions d/b/a Ohio Basement Systems for the stabilization work associated with the demolition of the Payiavlas Unit, estimated to be at a cost of $20,755." Northbrook and the unit owners further agreed to pay for "aesthetic/restorative and pre-demolition protection" to Owen's unit based upon their respective percentage of interest in the common areas. On this issue, the agreement provided that "Northbrook will enter into a separate agreement with Robert Felix, d/b/a Electrofix for the Aesthetics/Restorative Enhancements necessitated by the demolition of the Payiavlas Unit, estimated to be at a cost of $8,757.29."

{¶12} In Owen's motion for summary judgment, she attached her affidavit, wherein she averred that she had unsuccessfully attempted to implement the agreement since 2014. She maintained that Northbrook's president informed her that appellants were no longer bound to the agreement because Northbrook had passed a resolution wherein walls were no longer considered "common areas."

{¶13} In response to Owen's motion for summary judgment and its cross-motion for summary judgment, appellants attached an affidavit of Donald C. Fox, a unit owner and the former treasurer for Northbrook. Fox averred that "[s]hortly after the Release and Agreement was signed, he collected from the Unit Owners the respective sums of $20,755.00 and $8,757.29 pursuant to its ¶¶ 2 and 3; and waited for Tomorrow Home Solutions, d/b/a Ohio Basement Systems to assess the situation and begin stabilization

Case No. 2025-T-0068

of the so-called 'Payiavlas-Owen Common Wall.'" Thereafter, Ohio Basement Systems declined to perform the stabilization work. Fox stated:

> 7. As Unit Owner, he learned that the work was never undertaken or performed because, by reason of the "domino" construction arrangement of the condominiums adjoining the Owen Unit on the opposite side of the Payiavlas Unit, it was simply impossible to safely stabilize the Payiavlas-Owen Common Wall upon the demolition of the Payiavlas Unit.

> 8. Since the project was never undertaken or performed, the Unit Owners considered it impossible to perform; and he accordingly refunded the funds he was holding back to the Unit Owners in the respective amounts initially paid in.

{¶14} Based on the foregoing, appellants maintained that the parties had agreed to rescind the 2014 agreement due to impossibility.

{¶15} In response, Owen maintained that there were inconsistencies between appellants' cross-motion for summary judgment / response to Owen's motion for summary judgment, Fox's affidavit, and Fox's deposition testimony. In support, Owen argued, in part, that Fox's affidavit was insufficient on the issue of impossibility because there was no evidence of where Fox "learned" that proceeding in accordance with the contract was impossible. Owen pointed to Fox's deposition testimony on this issue, wherein he was asked who informed him that the contracted work was impossible. In reply, Fox stated, "It was just noted in conversation what went down." He affirmed that he did not personally meet with any contractors who advised the work was impossible, he could not answer if the former Northbrook president had met with any contractors who advised the work was impossible, and he could not remember precisely when it was decided that Northbrook would not abide by the contract. Fox stated that he did not "know who or what decided it, but [he] was told to reimburse everybody else what they paid[.]"

Case No. 2025-T-0068

{¶16}  Appellants filed a reply to Owen's response to their motion for summary judgment. Therein, appellants maintained that Fox's deposition supported their position that the unit owners "had a change of heart" and rescinded the contract because it would either be difficult or impossible to perform. In support, appellants relied on Fox's deposition testimony, wherein he stated that "everybody thought" the work was impossible.

{¶17} Payiavlas responded in opposition to appellants' motion for summary judgment, arguing that the unit owners, as a matter of law, could not unilaterally rescind the agreement, which included the chief building official for the city of Warren as a signatory. Further, the 2014 agreement specifically stated that it could "not be amended, modified, or supplemented except by a single instrument in writing signed by the Parties hereto." In addition, Payiavlas attached a copy of Northbrook's by-laws, recorded on May 2, 1980. Pursuant to the bylaws, Payiavlas argued that Northbrook could not take action except through a vote at a properly noticed meeting or upon unanimous approval in writing signed by all members of the association, and Northbrook had presented no triable issue that either of these steps were taken to rescind the 2014 agreement.

{¶18} In a reply to Payiavlas's response, the appellants argued that Fox's deposition testimony indicating that the association returned all the money to the unit owners supported their position that the parties had "clearly and unequivocally" waived their right to enforce the terms of the agreement. They further maintained that, because the city of Warren was not a party to Owen's action, it was not affected by the outcome.

{¶19}  In the November 3, 2022 entry, the trial court granted Owen's motion for summary judgment against the appellants. The court noted that Owen had demonstrated

Case No. 2025-T-0068

the validity of the 2014 agreement, and the appellants had not pointed to any competent record evidence supporting a mutual rescission of the 2014 agreement or impossibility. The trial court determined that no genuine issue of material fact remained and granted summary judgment against appellants.

{¶20} On appeal, appellants contend that Owen's conduct of accepting back tender of her share of the agreed work amounted to waiver by estoppel.

{¶21} However, upon review of the summary judgment materials, we conclude that Owen met her summary judgment burden of establishing that no triable issue remained that appellants had failed to perform in accordance with an enforceable agreement. Thus, it was incumbent on appellants to establish a triable issue remained. Appellants maintained that Fox's affidavit and deposition demonstrated recission or impossibility of the agreement. However, as set forth above, Fox had no memory of the source of the opinion that proceeding with the project was impossible. *See* Civ.R. 56(E). Further, although he testified that he returned the money to the unit owners because he believed that everyone understood the work was impossible, he offered no testimony that Owen or any other party agreed to rescind the contract in exchange for the return of their funds.

{¶22} With respect to appellants' waiver by estoppel argument raised on appeal, appellants did not raise this issue in their memorandum contra Owen's motion for summary judgment and cross-motion for summary judgment. Instead, appellants maintained that Fox's affidavit supported the proposition that "the project became either difficult or impossible to perform; the Unit Owners had a change of heart; and, by agreement, they RESCINDED the contract and Treasurer Fox refunded the Unit Owners'

Case No. 2025-T-0068

percentage contributions to each and every [one] of them, including the Unit Owner that is this action's Plaintiff."  Appellants raised the issue of waiver in response to Owen's motion only insofar as it pertained to their argument that a mutual waiver of rights is sufficient consideration for an agreement to rescind a contract. Appellants more fully argued waiver in reply to Payiavlas's response to appellants' motion for summary judgment. However, a party may not raise a new argument in support of their motion for summary judgment in a reply brief. *Deutsche Bank Natl. Tr. Co. as Tr. for Am. Home Mtge. Assets Tr. 2007-2, Mtge.-Backed Pass-Through Certificates Series 2007-2 v. Ayers*, 2020-Ohio-1332, ¶ 45 (11th Dist.).

{¶23} Further, "'A party asserting waiver must prove it by establishing a clear, unequivocal, decisive act by the other party, demonstrating the intent to waive.'" *Crutcher v. Oncology/Hematology Care, Inc.*, 2022-Ohio-4105, ¶ 20 (1st Dist.), quoting *Pollard v. Elber*, 2018-Ohio-4538, ¶ 35 (6th Dist.); *see also White Co. v. Canton Transp. Co.*, 131 Ohio St. 190 (1936), paragraph four of the syllabus. Appellants maintain that Northbrook returned all sums collected for the project to the unit owners, but they have pointed to no summary judgment evidence of *a clear, unequivocal, decisive act* of Owen demonstrating her intent to waive her rights under the agreement.

{¶24} Accordingly, because Owen met her summary judgment burden, and appellants failed to meet their reciprocal burden, summary judgment on the issue of enforceability of the contract was properly granted to Owen and denied to appellants.

{¶25} Appellants' first assigned error lacks merit.

{¶26} In their second assigned error, appellants maintain:

Case No. 2025-T-0068

{¶27} "The Trial Court erred if it awarded Plaintiff-Appellee compensatory damages in the form of prejudgment interest."

{¶28} In appellants' second assigned error, they argue that *if* the trial court ordered prejudgment interest, it erred.

{¶29} On review of the judgment, it contains no award of prejudgment interest. Instead, the judgment requires appellants to specifically perform their obligations under the contract, with Owen being responsible for only her pro rata share of the estimated amount as originally agreed.

{¶30} As appellants' second assigned error is conditional on a determination that the trial court awarded prejudgment interest, their second assigned error is without merit.

{¶31} In their third assigned error, appellants contend:

{¶32} "The Trial Court erred in awarding Plaintiff-Appellee the equitable remedy of specific performance."

{¶33} "'Specific performance of contracts is a matter resting in the sound discretion of the court, not arbitrary, but controlled by principles of equity, on full consideration of the circumstances of each particular case.'" *Sandusky Properties v. Aveni*, 15 Ohio St.3d 273, 275 (1984), quoting *Spengler v. Sonnenberg*, 88 Ohio St. 192, 203 (1913). *See also Sternberg v. Bd. of Trustees of Kent State Univ.*, 37 Ohio St.2d 115, 118 (1974). "'The term "abuse of discretion" is one of art, "connoting judgment exercised by a court, which does not comport with reason or the record."'" *Willoughby v. Willoughby*, 2014-Ohio-743, ¶ 24 (11th Dist.), quoting *In re V.M.B.*, 2013-Ohio-4298, ¶ 26, quoting *State v. Underwood*, 2009-Ohio-2089, ¶ 30 (11th Dist.), citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (192).

Case No. 2025-T-0068

{¶34} Here, the trial court noted that the costs of construction increased since 2014,[2] and the new unit owners were not bound by the terms of the agreement. The trial court then stated:

> The Court finds that compensatory damages do not afford [Owen] with the adequate relief to make her whole or to put her in the position she would have been had Defendants fully performed.
>
> The Court further finds that if [Owen] was ordered to pay her pro-rata share of present-day increased costs, Specific Performance would not put her in a similar financial position as when the Agreement was made.
>
> In order to attain complete justice and equity, the Court finds Plaintiff is entitled to compensatory damages, to wit: Plaintiff should only be responsible for her pro-rata share of costs as originally set forth in the Agreement. The costs above those agreed to by the unit owners in 2014 should be the responsibility of the breaching Defendants.
>
> The Court further finds that [Owen] is entitled to specific performance.
>
> The Court notes that had Northbrook performed as previously agreed to in 2014, there would not be an increase in construction costs. Further, had Northbrook recorded the Settlement Agreement as agreed to in 2014, there would not have been an increase in the breaching Defendants' pro-rata share of those costs. [Owen] should not be penalized for Defendants' disregard for the Settlement Agreement.

{¶35} In support of their third assigned error, appellants raise issues regarding the safety concerns of proceeding to stabilize the common wall and Payiavlas's failure to demolish his unit. We limit our review accordingly.

---

2. In her brief regarding damages, Owen requested the trial court take judicial notice that the cost of construction had increased since 2014. Appellants do not challenge the court's decision to take judicial notice of this fact.

Case No. 2025-T-0068

{¶36} As addressed in our discussion of the first assigned error, there was not competent evidence before the court regarding impossibility to safely perform the project as agreed, and the trial court properly granted summary judgment to Owen on the issue of enforceability of the agreement. Further, there is no indication that specific performance of the agreement would be impossible due to any action or inaction on the part of Payiavlas. We cannot say that the trial court's order requiring specific performance was unreasonable.

{¶37} Accordingly, appellants' third assigned error lacks merit.

{¶38} The judgment is affirmed.

ROBERT J. PATTON, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-T-0068

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellants' assignments of error lack merit. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Costs to be taxed against appellants.

_____
JUDGE EUGENE A. LUCCI

_____
JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0068