[Cite as *PNC Bank, Natl. Assn. v. Graham*, 2022-Ohio-888.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | CASE NO. 2021-L-076 |
| Plaintiff, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| RON GRAHAM a.k.a. RON M. GRAHAM, | Trial Court No. 2019 CF 001743 |
| Defendant-Appellant, | |
| KIMBERLY GRAHAM, et al., | |
| Defendants, | |
| TAX EASE OHIO, LLC, | |
| Defendant/Cross Claimant-Appellee. | |

# O P I N I O N

Decided: March 21, 2022
Judgment: Affirmed

*Ron Graham*, pro se, 521 Malvern Drive, Painesville, OH 44077 (Defendant-Appellant).

*Suzanne M. Godenswager,* Sandhu Law Group, LLC, 1213 Prospect Avenue, Suite 300, Cleveland, OH 44115 (For Defendant-Cross Claimant-Appellee).

THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, Ron Graham a.k.a Ron M. Graham, appeals summary judgment granted in favor of appellee, Tax Ease Ohio, LLC ("Tax Ease").  We affirm.

{¶2} In October 2019, PNC Bank, National Association ("PNC") filed a foreclosure complaint against Graham, titled owner of real property encumbered by a mortgage held by PNC. In addition, the complaint named other defendants who may have interest in the subject property, including Tax Ease. Tax Ease filed a cross-claim, asserting a first lien on the property by virtue of four tax certificates that it held and seeking foreclosure to satisfy the amount of taxes, assessments, penalties, charges, and interest associated with the tax certificates together with attorney's fees and the costs of the action.

{¶3} Thereafter, Tax Ease filed a motion for summary judgment on its cross-claim, and Graham responded in opposition. The trial court granted Tax Ease's motion and issued a decree in foreclosure, finding that there was no just reason for delay in entering judgment. *See* Civ.R. 54(B).

{¶4} In his sole assigned error, Graham maintains:

> Reviewing the Appellee's Motion for Summary Judgment on its Cross-Claims *de novo*, the record is clear and convincing that the trial court erred to the prejudice of the Appellant by granting the Appellee's Motion for Summary Judgment in favor of the Appellee.

{¶5} "We review decisions awarding summary judgment de novo, i.e., independently and without deference to the trial court's decision." *Hedrick v. Szep*, 11th Dist. Geauga No. 2020-G-0272, 2021-Ohio-1851, ¶ 13, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

> Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence

2

most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977); *Allen v. 5125 Peno, LLC*, 2017-Ohio-8941, 101 N.E.3d 484, ¶ 6 (11th Dist.), citing *Holliman v. Allstate Ins. Co.,* 86 Ohio St.3d 414, 415, 715 N.E.2d 532 (1999).  "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and the moving party is entitled to judgment as a matter of law."  *Allen* at ¶ 6, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).  "If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial."  *Allen* at ¶ 6, citing *Dresher* at 293.  In determining the propriety of summary judgment, the court may consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action[.]"  Civ.R. 56(C).

{¶6}  Here, in its motion for summary judgment, Tax Ease maintained that it was the holder of four tax certificates purchased from the Lake County Treasurer in accordance with R.C. 5721.30, et seq.

> Ohio's tax certificate legislation, R.C. 5721.30 through 5721.43, allows a county government to sell tax certificates to private investors.  A tax certificate entitles the certificate holder to the first lien on the real property.  R.C. 5721.32.  A property owner can redeem the certificate and remove the lien by paying the certificate holder the purchase price plus interest, penalties, and costs.  R.C. 5721.38.  If the property owner fails to redeem the certificates, the tax certificate holder may initiate foreclosure proceedings on the real property after complying with certain statutory requirements.

(Citation omitted.)  *Woods Cove II, L.L.C. v. Am. Guaranteed Mgmt. Co., L.L.C.*, 8th Dist. Cuyahoga No. 103652, 2016-Ohio-3177, ¶ 2.  R.C. 5721.37(F) provides that "[t]he tax

3

certificate purchased by the certificate holder is presumptive evidence in all courts and boards of revision and in all proceedings, including, without limitation, at the trial of the foreclosure action, of the amount and validity of the taxes, assessments, charges, penalties by the court and added to such principal amount, and interest appearing due and unpaid and of their nonpayment."

{¶7} In support of its motion for summary judgment, Tax Ease attached the affidavit of Jade Vowels. Therein, Vowels averred that she is the Servicing Manager of Cazenovia Creek Investment Management, LLC ("Cazenovia"). Vowels maintained that Cazenovia is the servicer for Tax Ease and that she had personal knowledge of the information set forth in her affidavit. Vowels averred that she had reviewed the tax certificates relative to the real property and affirmed that Tax Ease is the holder and owner of those certificates. Vowels stated that the certificates attached to Tax Ease's cross-claim, which were again attached to Vowels' affidavit, were true and accurate copies. Vowels' affidavit indicated the following amounts due: the certificate redemption prices of $436.97, $2,736.67, $2,744.16, and $2,748.96, plus interest, together with $1,334.88 for taxes and other charges Tax Ease paid to the county treasurer that were not covered by the tax certificate, and attorney fees in the amount of $1,525.00. Tax Ease further filed an affidavit regarding attorney fees from its counsel, averring that Tax Ease incurred fees in the amount of $1,525.00.

{¶8} On appeal, Graham first argues that Vowels' affidavit was not based on personal knowledge and that the records attached did not constitute "business records" so as to be excepted from the hearsay rule.

{¶9} "To be properly considered in summary judgment, an affidavit 'shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.'" *M&T Bank v. Bozickovich*, 11th Dist. Lake No. 2016-L-012, 2017-Ohio-9101, ¶ 24, quoting Civ.R. 56(E). "'Personal knowledge' is defined as '"knowledge of a factual truth which does not depend on outside information or hearsay."'" *Bozickovich* at ¶ 24, quoting *Portage Cty. Commrs. v. O'Neil*, 11th Dist. Portage No. 2013-P-0066, 2015-Ohio-808, ¶ 16, quoting *Residential Funding Co., LLC v. Thorne*, 6th Dist. Lucas No. L-09-1324, 2010-Ohio-4271, ¶ 64.

{¶10} "'The "mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit."'" *Bozickovich* at ¶ 25, quoting *Nationstar Mtge., L.L.C. v. Hayhurst*, 11th Dist. Trumbull No. 2014-T-0102, 2015-Ohio-2900, ¶ 26, quoting *Bank of Am., N.A. v. Merlo*, 11th Dist. Trumbull No. 2012-T-0103, 2013-Ohio-5266, ¶ 25.

{¶11} Here, Vowels asserted that her affidavit was made with personal knowledge, that she is the service manager of Tax Ease's agent and servicer of the tax certificates, that she reviewed Tax Ease's records, and that the tax certificates were true and accurate copies. Based on these averments, we conclude that Vowels' affidavit sufficiently set forth that it was made with personal knowledge, and Graham did not point to evidence to the contrary in his opposition to summary judgment. *See O'Neil* at ¶ 17-18 (affidavit of officer of loan servicer who averred that he had reviewed business records sufficient to demonstrate personal knowledge regarding default on loan).

5

{¶12} Next, with regard to hearsay, Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Graham contends that the tax certificates attached to Vowels' affidavit constitute inadmissible hearsay and that Vowels' affidavit was insufficient to authenticate the tax certificates.

{¶13} Tax Ease maintains that the records are admissible under Evid.R. 803(14), which provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> * * *
>
> **(14) Records of Documents Affecting an Interest in Property.** The record of a document purporting to establish or affect an interest in property, as proof of the content of the original recorded document and its execution and delivery by each person by whom it purports to have been executed, if the record is a record of a public office and an applicable statute authorizes the recording of documents of that kind in that office.

{¶14} In *Tax Ease Ohio, II, L.L.C. v. Leach*, 8th Dist. Cuyahoga No. 110119, 2021-Ohio-2841, ¶ 17, the Eighth District Court of Appeals addressed tax certificates attached to an affidavit prepared by Vowels in that case. It determined:

> A tax certificate is a tax lien on real property. *Capitalsource Bank Fbo Aeon Fin., L.L.C. v. Donshirs Dev. Corp.*, C.P. No. 11-767170, 2012 Ohio Misc. Lexis 302, 6 (Sept. 13, 2012), *rev'd on other grounds*, 8th Dist. Cuyahoga No. 99032, 2013-Ohio-1563, 2013 WL 1697492; *see also* R.C. 5721.30(Q) ("'Certificate period' means the period of time after the sale or delivery of a tax certificate within which a certificate holder must initiate an action to foreclose *the tax lien represented by the certificate*.") (emphasis added.). And R.C. 5721.35 authorizes the county treasurer to record a tax certificate as "a mortgage of land" in the county recorder's office of the county in which the certificate parcel is situated. Thus, tax

6

certificates are records of documents establishing or affecting an interest in property and are admissible under Evid.R. 803(14) if properly authenticated. Our review demonstrates that Vowels'[] affidavit properly authenticated the tax certificates at issue in this case.

(Footnotes omitted.)

{¶15} Likewise, here, Vowels averred that the copies of the tax certificates attached to the crossclaim were true and authentic copies. *See Leach* at ¶ 21 ("Vowels'[] uncontroverted sworn statement that the tax certificates were 'true and accurate' copies of the original documents was sufficient to authenticate the tax certificates."); *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981) (documents attached to an affidavit submitted in support or opposition to summary judgment generally may be authenticated by an averment in the affidavit that the copies are "true copies and reproductions").

{¶16} Graham next argues that Tax Ease failed to establish standing. "[U]nder R.C. 5721.36(A)(1)-(2) and 5721.37(A)(1), only the holder of a tax certificate, or the holder's 'secured party,' has standing to initiate an action for foreclosure by filing a notice of intent to foreclose with a county treasurer." *Tax Ease Ohio LLC v. Wells*, 2d Dist. Montgomery No. 28376, 2020-Ohio-306, ¶ 20. R.C. 5721.30(C) defines a "certificate holder" as "a person, including a county land reutilization corporation, that purchases or otherwise acquires a tax certificate under section 5721.32, 5721.33, or 5721.42 of the Revised Code, or a person to whom a tax certificate has been transferred pursuant to section 5721.36 of the Revised Code."

{¶17} As set forth above, Vowels' affidavit demonstrated that Tax Ease held the certificates at issue, and the four tax certificates authenticated by Vowels list Tax Ease as the certificate purchaser. Graham did not point to any evidence to the contrary in his

7

response to summary judgment and thus failed to establish that a genuine issue of material fact existed for trial with respect to standing.

{¶18} Graham further argues that Tax Ease did not demonstrate substantial compliance with statutory requirements related to the tax certificates and failed to provide a payment history. However, as set forth above, R.C. 5721.37(F) provides, in relevant part, that the tax certificate is presumptive evidence of "the amount and validity of the taxes, assessments, charges, penalties by the court and added to such principal amount, and interest appearing due and unpaid and of their nonpayment." Graham did not rebut the statutory presumption regarding the validity of the certificates or the amount due in response to summary judgment.

{¶19} Last, Graham argues that the court erred in awarding Tax Ease attorney's fees. However, R.C. 5721.37(F) provides that "[e]xcept as may otherwise be provided in sections 323.65 to 323.79 of the Revised Code, upon confirmation of sale, the court or board of revision shall order payment of all costs related directly or indirectly to the tax certificate, including, without limitation, attorney's fees of the holder's attorney in accordance with section 5721.371 of the Revised Code." R.C. 5721.371(B)(1) provides that "[f]ees less than or equal to two thousand five hundred dollars shall be presumed to be reasonable." Graham did not point to any evidence in response to summary judgment demonstrating that a material question remained relating to the award of attorney's fees.

{¶20} Based upon the foregoing, Tax Ease met its burden of demonstrating the absence of triable issues relating to its cross-claim, and Graham failed to meet his reciprocal burden. Accordingly, Graham's sole assigned error lacks merit.

8

Case No. 2021-L-076

{¶21}   The judgment is affirmed.


MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-L-076