[Cite as *State ex rel. Ames v. Portage Cty. Bd. of Revision*, 2022-Ohio-3003.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. BRIAN M. AMES, | CASE NO. 2022-P-0015 |
| Relator-Appellant, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| PORTAGE COUNTY BOARD OF REVISION, | Trial Court No. 2021 CV 00411 |
| Respondent-Appellee. | |

**O P I N I O N**

Decided: August 29, 2022
Judgment: Affirmed

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent-Appellee).

THOMAS R. WRIGHT, P.J.

{¶1} Relator, Brian M. Ames, appeals the entry granting summary judgment to respondent, Portage County Board of Revision ("the board"). We affirm.

{¶2} In 2021, Ames filed a "verified complaint in mandamus, declaratory judgment, and injunction for enforcement of R.C. 121.22" in the trial court. In his complaint, Ames alleged that the board held a meeting on January 11, 2021. Present at the meeting was Sabrina Christian-Bennett, who Ames maintains was not yet a member of the board. However, Bennett participated in the meeting by making motions, seconds,

and voting. Based upon these allegations, Ames maintained that the meeting was conducted in violation of R.C. 121.22 ("the Open Meetings Act"). The board answered the complaint, denying that Bennett was not permitted to participate in the meeting and that her participation violated the Open Meetings Act and maintaining that Ames failed to state a claim upon which relief could be granted.

{¶3} Thereafter, the parties filed competing motions for summary judgment. The trial court granted summary in favor of the board.

{¶4} Ames assigns three errors, the first two of which are consolidated for discussion:

{¶5} "[1.] The trial court erred by denying summary judgment to Relator Mr. Ames and granting summary judgment to Respondent Board of Revision.

{¶6} "[2.] The trial court erred by failing to rule on the actual controversy before the court."

{¶7} "We review decisions awarding summary judgment de novo, i.e., independently and without deference to the trial court's decision." *Hedrick v. Szep*, 11th Dist. Geauga No. 2020-G-0272, 2021-Ohio-1851, ¶ 13, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

> Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

2

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977); *Allen v. 5125 Peno, LLC*, 2017-Ohio-8941, 101 N.E.3d 484, ¶ 6 (11th Dist.), citing *Holliman v. Allstate Ins. Co.,* 86 Ohio St.3d 414, 415, 715 N.E.2d 532 (1999). "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Allen* at ¶ 6, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial." *Allen* at ¶ 6, citing *Dresher* at 293.

{¶8} Here, the trial court granted summary judgment in favor of the board, thus effectively denying Ames' motion for summary judgment. Ames' claims turn on the applicability of the Open Meetings Act.

{¶9} R.C. 121.22(C) provides:

> All meetings of any public body are declared to be public meetings open to the public at all times. A member of a public body shall be present in person at a meeting open to the public to be considered present or to vote at the meeting and for purposes of determining whether a quorum is present at the meeting.
>
> The minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained and shall be open to public inspection. The minutes need only reflect the general subject matter of discussions in executive sessions authorized under division (G) or (J) of this section.

{¶10} There is no dispute that the board is a public body; a meeting was held on January 11, 2021, which was open to the public; board members were present in person; and minutes were prepared. However, Ames maintains that Bennett had not been selected by the commissioners to serve as a board member pursuant to R.C. 5715.02 prior to Bennett making and seconding motions and voting.

3

Case No. 2022-P-0015

**{¶11}** R.C. 5715.02 provides:

> The county treasurer, county auditor, and a member of the board of county commissioners selected by the board of county commissioners shall constitute the county board of revision, or they may provide for one or more hearing boards when they deem the creation of such to be necessary to the expeditious hearing of valuation complaints. Each such official may appoint one qualified employee from the official's office to serve in the official's place and stead on each such board for the purpose of hearing complaints as to the value of real property only, each such hearing board has the same authority to hear and decide complaints and sign the journal as the board of revision, and shall proceed in the manner provided for the board of revision by sections 5715.08 to 5715.20 of the Revised Code. Any decision by a hearing board shall be the decision of the board of revision.
>
> A majority of a county board of revision or hearing board shall constitute a quorum to hear and determine any complaint, and any vacancy shall not impair the right of the remaining members of such board, whether elected officials or appointees, to exercise all the powers thereof so long as a majority remains.
>
> Each member of a county board of revision or hearing board may administer oaths.

**{¶12}** We need not reach, nor was the trial court required to reach, whether Bennett was selected by the commissioners as the board representative prior to the meeting at issue, as we are aware of no authority supporting the proposition that a violation of R.C. 5715.02 necessarily results in a violation of the Open Meetings Act. As set forth above, there is no dispute that the board is a public body; a meeting was held on January 11, 2021, which was open to the public; board members were present in person; and minutes were prepared. Although Ames maintained that Bennett's purported non-member status "constructively" closed the meeting, we cannot discern the basis for this conclusory allegation.

4

{¶13} Accordingly, no material fact was in dispute, and the board was entitled to judgment as a matter of law; conversely, Ames' motion for summary judgment was appropriately denied. Therefore, Ames' first and second assigned errors lack merit.

{¶14} In his third assigned error, Ames argues:

{¶15} "[3.] The trial court committed reversible error by ruling in favor of the [board] while it was represented by Mr. Meduri."

{¶16} Ames maintains that a visiting trial court judge, who sat on this case by assignment of the Ohio Supreme Court and issued the appealed judgment, is represented by the same attorney that represents the board. Ames argues that although the judge voluntarily recused himself after issuing judgment, disqualification should have occurred prior to judgment.

{¶17} However,

> Authority to pass upon the disqualification of a judge of the Court of Common Pleas is vested in the Chief Justice under Section 5(C) of Article IV of the Ohio Constitution, which reads as follows:
>
> "The chief justice of the supreme court or any judge of that court designated by [her] shall pass upon the disqualification of any judge of the courts of appeals or courts of common pleas or division thereof. Rules may be adopted to provide for the hearing of disqualification matters involving judges of courts established by law."
>
> Since only the Chief Justice or [her] designee may hear disqualification matters, the Court of Appeals [is] without authority to pass upon disqualification or to void the judgment of the trial court upon that basis. Although a judge would be without power to hear and determine a cause after disqualification, his judgment, however erroneous, before disqualification is not void.

(Footnotes omitted.) *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978).

5

Case No. 2022-P-0015

{¶18} As the issue of disqualification is not properly before this court, we do not reach the merits of Ames' third assigned error.

{¶19} Based on the foregoing, the judgment of the trial court is affirmed.


MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.