[Cite as *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2024-Ohio-146.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO ex rel.
BRIAN M. AMES,

      Relator-Appellant,

- vs -

PORTAGE COUNTY BOARD
OF COMMISSIONERS,

      Respondent-Appellee.

CASE NO. 2023-P-0044

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 CV 00141

---

# O P I N I O N

Decided: January 16, 2024
Judgment: Affirmed

---

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent-Appellee).

EUGENE A. LUCCI, P.J.

{¶1}    Appellant, Brian M. Ames, appeals the entry granting summary judgment in favor of appellee, the Portage County Board of Commissioners ("the Board"). We affirm.

{¶2}    On April 30, 2021, Ames filed an amended verified complaint in mandamus, declaratory judgment, and injunction against the Board. In his amended complaint, Ames alleged that the Board had committed five violations of R.C. 121.22, the Open Meetings Act ("OMA"), during a board meeting held on March 11, 2021.

{¶3} In the first count of his amended complaint, Ames maintained that, prior to the Board meeting, two commissioners of the three-commissioner Board discussed dismissing a public employee. Ames alleged that this discussion amounted to conducting official business outside of a public meeting in violation of R.C. 121.22.

{¶4} In the second count of his amended complaint, Ames maintained that the Board's meeting room was limited to a 10-person capacity at the time of the meeting at issue. Because the Board and its clerk occupied four of the available seats, only six seats were available to the public. As the time approached for an executive session with the Sheriff and others, Ames claimed that a commissioner gestured to members of the public to leave the meeting room prior to entering executive session. Ames alleged that this conduct denied members of the public the right to observe the meeting and amounted to a violation of R.C. 121.22(C).

{¶5} In the third count of his amended complaint, Ames maintained that the Board entered into an unscheduled executive session to consider the dismissal of a public employee. Immediately upon returning from executive session, a commissioner announced that the Board was going to dismiss the employee as of that date. Ames alleged that the Board reached the decision to dismiss the employee during executive session, which he claimed amounted to a violation of R.C. 121.22(H).

{¶6} In the fourth count of his amended complaint, Ames alleged that certain discussions between an assistant prosecutor and the Board regarding the March 11, 2021 meeting violated the OMA. However, Ames later moved to dismiss this count.[1]

---

1. On December 4, 2023, this court issued a limited remand for the trial court to address Ames' motion to dismiss. Thereafter, the trial court issued an order on December 5, 2023, specifying that "Defendant's 9/13/21 motion to dismiss Count 4 of his Amended Complaint is hereby granted." The trial court's reference

2

{¶7} In the fifth count of his amended complaint, Ames maintained that prior to entering into the executive session to discuss the dismissal of a public employee, a reporter present at the meeting inquired from a commissioner as to whether there would be any further action taken after the executive session. The commissioner replied in the negative. Ames claimed that in reliance on the commissioner's reply, several attendees left the meeting. However, proceedings did continue after the executive session ended. Ames alleged that those individuals who left the meeting in reliance on the commissioner's reply were excluded from a portion of the meeting "by deception."

{¶8} In September 2021, Ames moved for summary judgment, which the trial court denied. Ames noticed an appeal from the denial of his summary judgment motion, which this court ultimately dismissed for lack of a final, appealable order. *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 11th Dist. Portage No. 2021-P-0109, 2022-Ohio-1207, ¶ 1.[2]

{¶9} On October 13, 2021, the Board filed a motion for summary judgment, incorporating its opposition to Ames' motion for summary judgment. Thereafter, Ames filed a brief in opposition. On June 20, 2023, the trial court granted summary judgment

___

to Ames as the "defendant" is mere clerical error, and we conclude that the trial court has effectively dismissed Count 4 of the complaint.

2. In his notice of appeal, Ames stated that he was appealing both the "10/13/2021 Order denying summary judgment to Relator Brian Ames" and the "6/20/2023 Order granting summary judgment to the Portage County Board of Commissioners." Although Ames attached the latter order to his notice, he failed to attach the denial of his summary judgment motion. Instead, Ames attached a separate order issued by the trial court on October 13, 2021, which did not rule on his summary judgment motion. Loc.R. 3(C)(2) provides that "[t]he appellant shall attach to the Notice of Appeal, a copy of the judgment entry or entries being appealed. Appellant's failure to attach a copy of the judgment entry or entries may result in the dismissal of the appeal sua sponte and without notice." Nonetheless, as we conclude herein that summary judgment was properly granted in favor of the Board on the claims on which Ames sought summary judgment, Ames' motion for summary judgment was properly denied.

3

to the Board and entered judgment in favor of the Board on Ames' claims. Ames assigns six errors from the trial court's judgment.

{¶10} At the outset, we note that "[w]e review decisions awarding summary judgment de novo, i.e., independently and without deference to the trial court's decision." *Hedrick v. Szep*, 11th Dist. Geauga No. 2020-G-0272, 2021-Ohio-1851, ¶ 13, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

> Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977); *Allen v. 5125 Peno, LLC*, 2017-Ohio-8941, 101 N.E.3d 484, ¶ 6 (11th Dist.), citing *Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 415, 715 N.E.2d 532 (1999). "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Allen* at ¶ 6, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial." *Allen* at ¶ 6, citing *Dresher* at 293.

{¶11} Here, in his first assigned error, Ames argues:

{¶12} "The trial court erred by granting summary judgment in favor of the Board based on a motion that was not properly before the trial court."

4

Case No. 2023-P-0044

{¶13} In his first assigned error, Ames maintains that the Board's summary judgment motion was not properly before the court because it was filed after the case was set for trial, without requesting leave.

{¶14} Civ.R. 56(B) provides:

> A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.

{¶15} Here, after our dismissal of Ames' prior appeal, the trial court issued an order stating, in pertinent part, "Plaintiff-Relator's appeal having been dismissed, Defendant-Respondent's motion for summary judgment remains pending for eventual resolution. Plaintiff-Relator has filed an objection to certain of the motion's exhibits but Plaintiff-Relator has not yet filed any brief in opposition." The trial court then provided Ames a certain time to file a brief in opposition. Thereafter, in a judgment entry dated November 21, 2022, the trial court stated that it "should have made clear in its prior order that it was granting leave to Defendant-Respondent [to] file its 10/13/21 motion for summary judgment and that therefore it was ripe for adjudication." Accordingly, the court did grant the Board leave to file its motion.

{¶16} Further, even had the court not so specified that leave was granted, the trial court's ruling on the merits of the motion effectively granted leave for purposes of Civ.R. 56(B). *Aames Capital Corp. v. Wells*, 9th Dist. Summit No. 20703, 2002 WL 500320, *8 (Apr. 3 2002); *Juergens v. Strang, Klubnik & Assoc., Inc.,* 96 Ohio App.3d 223, 234, 644 N.E.2d 1066 (8th Dist.1994) ("The acceptance of the motion by the court after the case

5

has been set for pretrial is in itself by leave of court albeit without the formal writing saying 'I seek the leave of court.'").

{¶17} Accordingly, Ames' first assigned error lacks merit.

{¶18} In his second assigned error, Ames maintains:

{¶19} "The trial court erred by not using and considering all the evidence on the record in resolving the motions for summary judgment."

{¶20} Civ.R. 56(C) provides, in relevant part, that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

{¶21} Further, pursuant to Civ.R. 56(E):

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.*

(Emphasis added.)

{¶22} Here, in ruling on the Board's motion for summary judgment, the trial court stated that it would not consider the attachments to Ames' amended complaint because the attachments were not properly identified, described, or authenticated.

6

Case No. 2023-P-0044

{¶23} Ames maintains that the trial court was required to consider the attachments to his complaint pursuant to Civ.R. 56(C). However, as set forth above, Civ.R. 56(E) provides that the party opposing summary judgment may not rest upon the allegations of the pleadings but is instead required to set forth specific facts "by affidavit or as otherwise provided in this rule" showing a genuine issue for trial in order to defeat the motion. Accordingly, the trial court did not error in failing to consider unauthenticated attachments on which Ames relied in opposing summary judgment.

{¶24} Therefore, Ames' second assigned error lacks merit.

{¶25} In his third assigned error, Ames contends:

{¶26} "The trial court erred by denying Mr[.] Ames summary judgment and granting the Board summary judgment as to Count 1 of his Amended Complaint."

{¶27} Ames maintains that the undisputed evidence demonstrates that two commissioners, Vicki Kline and Anthony Badalamenti, discussed the employment of the director of budget and finance prior to the meeting in violation of the OMA. As this allegation formed the first count of Ames' amended complaint, he argues that summary judgment was improperly granted to the Board on this count.

{¶28} The OMA governs meetings of public bodies. Pursuant to R.C. 121.22(C):

> All meetings of any public body are declared to be public meetings open to the public at all times. A member of a public body shall be present in person at a meeting open to the public to be considered present or to vote at the meeting and for purposes of determining whether a quorum is present at the meeting.
>
> The minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained and shall be open to public inspection. The minutes need only reflect the general subject matter of discussions in executive sessions authorized under division (G) or (J) of this section.

7

{¶29} R.C. 121.22(B)(2) defines a "meeting" as "any prearranged discussion of the public business of the public body by a majority of its members."

{¶30} In the Board's motion for summary judgment, it maintained that there was no prearranged meeting between the two commissioners prior to the board meeting, and the OMA does not prohibit unplanned encounters between members of the public body. In support of its position that the conversation of Kline and Badalamenti was not "prearranged," the Board pointed to the commissioners' deposition testimony. During Kline's deposition, the following exchange occurred:

> Q.     * * *.   Did you have any discussion with another commissioner concerning the director of budget and finance prior to the meeting [on March 11, 2021]?
>
> A.     Tuesday before Thursday, [Badalamenti] stuck his head in my office to say good morning and I said good morning.  And he asked me if I had ever seen [the director's] resume.  I said no, because he was here before me, so I never saw it.  So he was hired before me.  And he just kinda shook his head and he said, I feel like I'm going in circles.  I really do.  And I said, well, I can kind of understand that sometimes.  And then he left.

{¶31} In Badalamenti's deposition, the following exchange occurred:

> Q.     * * *.   Did you have any discussion with another commissioner concerning the director of budget and finance prior to the meeting of March 11th?
>
> A.     Discussion?  No.
>
>     Give me a definition of discussion, 20 seconds, a minute, five minutes, ten minutes?
>
> Q:     Did you have any conversation at all?
>
> A:     We had -- the morning that you're referring to, I got there early to pull [the director's] -- his records.  I knocked on the door and said good morning to Commissioner Kline and

8

that was about it.  And then we -- she said, hey, we thought about letting [the director] go last year.  Would you?  I said, yes.  And that was the conversation --

Q.    Okay.

A.    -- discussion, I guess.  There wasn't one.

{¶32} Based upon the deposition testimony, the Board satisfied its *Dresher* burden of establishing that the exchange between the two commissioners was not a "meeting" to which the OMA applies, as, although a majority of the public body was present, the exchange was not "prearranged."  In response, Ames argued that R.C. 121.22 requires that all discussions regarding official business be conducted in meetings.

{¶33} Although the OMA governs meetings of public bodies even if not denoted as "meetings," it does not prohibit impromptu discussions between board members.  *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 544, 668 N.E.2d 903 (1996); *see also Haverkos v. Northwest Local School Dist. Bd. of Edn.*, 2005-Ohio-3489, 995 N.E.2d 862, ¶ 6 (1st Dist.) (To succeed on a claim under the OMA, the claimant "must demonstrate that there was (1) a pre-arranged (2) discussion (3) of the public business of the public body in question (4) by a majority of its members.").  Ames did not present any summary judgment materials indicating that the exchange between the commissioners prior to the meeting was prearranged.

{¶34} Accordingly, summary judgment was properly granted to the Board on this claim, and Ames' third assigned error lacks merit.

{¶35} In his fourth assigned error, Ames argues:

9

{¶36} "The trial court erred by [ ] denying Mr[.] Ames summary judgment and granting summary judgment in favor of the Board as to Count 2 of Mr. Ames' Amended Complaint."

{¶37} Due to COVID restrictions, it is undisputed that the room utilized for the meeting was limited in occupancy to ten people at the time of the March 11, 2021 meeting. Four of the ten permitted occupants were the three commissioners and their clerk. Accordingly, the meeting room permitted space for only six members of the public to observe from within the room. Ames argues that such limited space is contrary to law, as the meeting space was inadequate to fit the public attendees present for the meeting.

{¶38} In its motion for summary judgment, the Board maintained that the facts alleged by Ames did not amount to an OMA violation. The Board maintained that it was undisputed that those who were not able to observe the meeting from within the meeting room due the occupancy restrictions were permitted to observe the meeting from the hall outside the open meeting room door until the Board entered executive session.

{¶39} In response, Ames failed to advance any materials indicating that the public was unable to observe the meeting from outside the meeting room's open door in the hall. Accordingly, Ames failed to meet his reciprocal burden on summary judgment. Therefore, Ames' fourth assigned error lacks merit.

{¶40} In his fifth assigned error, Ames maintains:

{¶41} "The trial court erred by [ ] denying Mr[.] Ames summary judgment and granting summary judgment in favor of the Board as to Count 3 of Mr. Ames' Amended Complaint."

10

**{¶42}** Ames argues that the Board decided to discharge the director of budget and finance during executive session and that the Board was precluded from making such a decision during an executive session.

**{¶43}** R.C. 121.22(H) provides:

> A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) or (J) of this section and conducted at an executive session held in compliance with this section. A resolution, rule, or formal action adopted in an open meeting is invalid if the public body that adopted the resolution, rule, or formal action violated division (F) of this section.

**{¶44}** Relevant here, R.C. 121.22(G) provides:

> Except as provided in divisions (G)(8) and (J) of this section, the members of a public body may hold an executive session only after a majority of a quorum of the public body determines, by a roll call vote, to hold an executive session and only at a regular or special meeting for the sole purpose of the consideration of any of the following matters:
>
> (1) To consider the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or the investigation of charges or complaints against a public employee, official, licensee, or regulated individual, unless the public employee, official, licensee, or regulated individual requests a public hearing. * * *. If a public body holds an executive session pursuant to division (G)(1) of this section, the motion and vote to hold that executive session shall state which one or more of the approved purposes listed in division (G)(1) of this section are the purposes for which the executive session is to be held, but need not include the name of any person to be considered at the meeting.

11

Case No. 2023-P-0044

**{¶45}** Here, Ames does not dispute that an executive session was permissible to discuss the issue of the director's termination. Instead, Ames maintains that the Board was not permitted to reach a decision on this issue during the executive session.

**{¶46}** In its motion for summary judgment, the Board contended that formal action to dismiss the director was not made during the executive session. In support, the Board pointed to the meeting minutes, which demonstrate that discussion as to the terms of the director's dismissal continued in the open meeting after executive session and was at issue during the next several board meetings.

**{¶47}** In opposition, Ames relied on a commissioner's statement, made immediately after executive session, that the board was dismissing the director. Ames maintained that this statement evinces that the board reached an impermissible collective decision during the executive session.

**{¶48}** However, the OMA does not preclude the Board from reaching an informal consensus during executive session. R.C. 122.22(H) provides that *formal action* of any kind is invalid unless adopted in an open meeting of the public body.

**{¶49}** Accordingly, as Ames provided no evidence that a triable issue of fact existed as to whether formal action was taken during executive session, his fifth assigned error lacks merit.

**{¶50}** In his sixth assigned error, Ames contends:

**{¶51}** "The trial court erred by [ ] denying Mr[.] Ames summary judgment and granting summary judgment in favor of the Board as to Count 5 of Mr. Ames' Amended Complaint."

12

Case No. 2023-P-0044

{¶52} Ames argues that the Board impermissibly conducted public business after the executive session because a commissioner had informed a reporter that there would be no further public business. The Board maintains that this count does not state a cognizable claim.

{¶53} The depositions indicate that a commissioner may have incorrectly informed an attendee that no action would be taken following the executive session. However, there is no summary-judgment evidence that the reporter was instructed to leave or otherwise prohibited from observing the portion of the meeting following executive session. Ames has not presented any case law that such a misstatement by a single member of the public body amounts to "exclusion of the public by deception."

{¶54} Accordingly, Ames' sixth assigned error is overruled.

{¶55} The judgment is affirmed.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

13