[Cite as *Hargrove v. Hargrove*, 2026-Ohio-2260.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| ZIAHNA HARGROVE, | **CASE NO. 2025-T-0069** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| SHERENE HARGROVE, | |
| Defendant-Appellee. | Trial Court No. 2024 CV 02324 |

---

## OPINION AND JUDGMENT ENTRY

Decided: June 15, 2026
Judgment: Reversed; remanded

---

*Robert L. Root, III*, 175 Franklin Street, S.E., Warren, OH 44481 (For Plaintiff-Appellant).

*Thomas C. Nader*, 7011 East Market Street, Suite 3, Warren, OH 44484 (For Defendant-Appellee).

EUGENE A. LUCCI, J.

{¶1} Appellant, Ziahna Hargrove ("daughter"), appeals the judgment dismissing her claim and granting judgment in favor of appellee, Sherene Hargrove ("mother"), on mother's claim for a constructive trust over certain real property located in the City of Warren, Ohio ("the premises"). For the reasons that follow, we reverse the judgment and remand this matter for further proceedings consistent with this opinion.

{¶2} On October 11, 2024, daughter filed a complaint in the Warren Municipal Court to evict mother from the premises, which is deeded in daughter's sole name. Thereafter, mother filed an answer and counterclaim, alleging that daughter had agreed to assist mother in purchasing the premises by obtaining financing in daughter's name,

with mother providing all funds necessary to purchase the premises and paying all monthly loan payments. Mother alleged that she had paid over $18,000 to daughter for the home pursuant to their agreement. Mother requested judgment imposing a trust on the premises and declaring her the equitable owner of the premises or a monetary judgment in the amount of $18,000. Mother moved to remove the matter to the Trumbull County Court of Common Pleas ("the trial court"), because her counterclaim exceeded the monetary jurisdiction of the municipal court. The municipal court granted the motion, and the case was removed to the trial court.

{¶3} In the trial court, daughter filed an amended complaint for eviction of mother and any unknown occupants of the premises for the "entire amount due to [daughter] under the terms of the lease." Mother answered the amended complaint and reasserted her counterclaims for equitable ownership and a constructive trust or for a monetary judgment in the amount of $18,000.

{¶4} On August 8, 2025, mother filed a motion for summary judgment, arguing that there was no genuine dispute of material fact and she was entitled to judgment as a matter of law on daughter's complaint and mother's counterclaims. Mother supported her motion with affidavits signed by mother and her former landlord, the prior owner of the premises.

{¶5} On August 11, 2025, daughter responded in opposition to mother's motion for summary judgment. Therein, she maintained that mother's motion essentially repeated the allegations set forth in her counterclaims, which daughter had denied in her answer, and genuine issues of fact remained. Further, daughter maintained that no discovery had yet been conducted in the case.

{¶6} On September 5, 2025, mother replied to daughter's response to summary judgment, pointing out that daughter's memorandum cited no evidence establishing a genuine issue of fact, and instead rested on the allegations contained in the pleadings. The same day, daughter filed an amended response, arguing that mother failed to argue the elements of her claims in her motion.

{¶7} Meanwhile, on August 12, 2025, a hearing was held before a magistrate on the claim for eviction, at which daughter, mother, and mother's witness testified. Daughter testified that she obtained a loan and purchased the premises in her sole name. Although mother was living in the home with her at the time of purchase, daughter maintained that she never intended for mother to have an ownership interest in the premises.

{¶8} Mother testified that daughter had moved out of the premises long before mother's landlord approached mother about her desire to sell the residence. Mother wanted to purchase the residence, but she was unable to obtain financing. Daughter then offered to assist mother in the purchase by obtaining the loan, which had to be in daughter's sole name for loan approval. Mother maintained that she provided all funds for the home's purchase, and she deposited the monthly mortgage payments into her and daughter's joint account, the same account from which daughter made the mortgage payments. Statements from this account were admitted into evidence. Mother's witness testified that she gave mother money for the down payment on the house with the understanding that daughter was purchasing it for mother.

{¶9} No magistrate's decision was issued from the hearing. On September 15, 2025, the trial court entered summary judgment in favor of mother on her counterclaims for a constructive trust and to quiet title and dismissed daughter's complaint.

Case No. 2025-T-0069

{¶10} On appeal, daughter assigns the following two errors:

[1.] THE TRIAL COURT'S FINDING OF A CONSTRUCTIVE TRUST WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

[2.] THE TRIAL COURT COMMITTED AN [ABUSE] OF DISCRETION IN FINDING A CONSTRUCTIVE TRUST.

{¶11} We first emphasize that, despite this case proceeding to trial before a magistrate on daughter's forcible entry and detainer claim, the magistrate entered no decision for adoption by the trial court. *See* Civ.R. 53. Instead, the trial court granted *summary judgment* to mother on her counterclaims and dismissed daughter's complaint.

{¶12} Accordingly, the trial court's judgment is subject to de novo review for compliance with Civ.R. 56. *Hedrick v. Szep*, 2021-Ohio-1851, ¶ 13 (11th Dist.) ("We review decisions awarding summary judgment de novo, i.e., independently and without deference to the trial court's decision."). *See also Grafton v. Ohio Edison Co.*, 1996-Ohio-336, ¶ 10.

{¶13} Pursuant to Civ.R. 56(C), summary judgment may be granted only where:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977); *Allen v. 5125 Peno, LLC*, 2017-Ohio-8941, ¶ 6 (11th Dist.), citing *Holliman v. Allstate Ins. Co.*, 1999-Ohio-116, ¶ 6. "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Allen* at ¶ 6, citing *Dresher v. Burt*, 1996-Ohio-107. "If the movant meets this burden,

the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial." *Allen* at ¶ 6, citing *Dresher* at ¶ 18.

{¶14} Here, in its September 15, 2025 judgment, the trial court relied on the "evidence and testimony" from the magistrate's hearing, stating:

> After applying the applicable law and review of the evidence presented at the hearing, the Court finds as follows:
>
> [Daughter]'s sole reason for purchasing the property was because of [mother]'s inability to obtain financing. It was clearly for the benefit of [mother] and both parties testified to [the] same. If [daughter] were not to have financed the house, [mother] would have been homeless. If [daughter] were to evict [mother] or sell the house, she would be homeless with nothing to show for all of the money she put into it; thus, defeating the whole purpose of why [daughter] purchased it in the first place.
>
> The Court further finds that [daughter] has been unjustly enriched as a result of [mother] paying and maintaining the property: her credit rating has been positively affected due to timely payments; she has been able to deduct the real estate taxes and insurance on her income tax returns; and she has an asset that has gained value and equity since purchasing it through no doing of her own.
>
> The Court finds that [daughter] knew the benefit she was receiving as a result of this matter, especially from the date [mother] filed an Answer to the pending matter. [Daughter] has continued to accept the payments. [Daughter] testified that [mother]'s deposits were not for the house. [Daughter] was unable to explain what the money was for if it was not for the house. The deposits coincide with the mortgage payment, and when the mortgage payment changed, so did the amounts deposited by [mother].
>
> The Court finds the evidence is adequate to trace the money [mother] paid for the house and its expenses. [Mother] provided bank statements evidencing the money she deposited in [daughter]'s bank account each month for mortgage payment. The Court finds there is sufficient evidence to support the finding that there is a correlation between [mother]'s deposits and [daughter]'s payments.

Case No. 2025-T-0069

[The] Court further finds that [mother]'s evidence and testimony has established through clear and convincing evidence that she has a constructive trust for the property. To hold otherwise would be inherently unfair and inequitable to [mother].

The Court finds that [mother] met her initial burden to establish that reasonable minds can come to only one conclusion, and it is adverse to [daughter]. However, [daughter] did not meet her respective burden since the Response did not go beyond the pleadings to show specific facts to show there is a genuine issue for trial.

The Court finds that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. The Court notes that even if there were genuine issues of material fact, they became moot after holding the August 12, 2025, hearing. See *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, [. . .]1994), syllabus.

{¶15} In daughter's first assigned error, she maintains that the weight of the evidence presented at the magistrate's hearing did not support the imposition of a constructive trust, and, in her second assigned error, daughter maintains that the trial court abused its discretion in finding a constructive trust. However, neither assigned error challenges the trial court's imposition of a constructive trust through summary judgment.

{¶16} "[A] motion for summary judgment is not the proper method for determination and weighing of the issues. Its purpose is not to try issues of fact, but only to determine whether triable issues of fact exist." *Geauga Cty. Treasurer v. Pauer*, 1993 WL 545071, *1 (11th Dist. Nov. 12, 1993), citing *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 15 (6th Dist. 1983). This court has noted that an appellant's "characterization of the court's granting of summary judgment as 'against the manifest weight of the evidence' is entirely inappropriate." *Pauer* at *1; *see also Simeon v. Brookfield Twp. Clerk*, 1991 WL 123062, *2 (11th Dist. July 5, 1991). Therefore, where a party challenges the

manifest weight of the evidence on a summary judgment ruling, a reviewing court may disregard the assigned error. *White v. Westfall*, 2009-Ohio-4490, ¶ 9 (10th Dist.) ("A challenge to summary judgment as against the manifest weight of the evidence is a non sequitur because, on summary judgment, a court may not weigh the evidence. Thus, an appellate court may summarily overrule assignments of error seeking reversal of summary judgment based on the manifest weight of the evidence." (Citations omitted.)); *see also Urbanek v. All State Home Mtge. Co.*, 2008-Ohio-4871, ¶ 38 (8th Dist.); and *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL-CIO*, 93 Ohio App.3d 162, 165 (1st Dist. 1994).

{¶17} However, based on the unique procedural posture and circumstances of this case, it appears that daughter's assigned errors were reflective of the trial court's references to the evidence presented at the magistrate's hearing.

{¶18} Civ.R. 56(C) sets forth the types of evidence that may be considered in granting a motion for summary judgment—namely, "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. . . ." Civ.R. 56(C) further specifies that "[n]o evidence or stipulation may be considered except as stated in this rule."

{¶19} "[A] trial court is precluded from considering supplemental oral testimony introduced for the first time at a hearing on a motion for summary judgment under Civ. R. 56. The language of the rule is clear as to what should be considered by a trial court in a summary judgment proceeding." *Carrabine Const. Co. v. Chrysler Realty Corp.*, 25 Ohio St.3d 222, 225 (1986), *superseded by statute on other grounds as stated in Dugan & Meyers Constr. Co. v. Ohio Dept. of Adm. Servs.*, 2007-Ohio-1687. Accordingly, a court

ruling on summary judgment may not consider evidence presented at hearings, unless those hearings have been transcribed and made a part of the record. *Carrabine* at 225-226.

{¶20}   Here, as set forth above, the magistrate's hearing occurred after the parties submitted their briefs in favor of, and in opposition to, summary judgment. No transcript of this hearing was filed until transmittal of the record for appeal. Thus, the trial court was not permitted to consider the evidence and testimony from the magistrate's hearing when ruling on summary judgment. Further, we do not read the trial court's judgment entry as entering judgment on the evidence presented at the hearing, as opposed to entering summary judgment, as no magistrate's decision was filed for adoption with the trial court. *See* Civ.R. 53.

{¶21} Based upon the unique circumstances of this case, we find merit to daughter's assigned errors only insofar as she ultimately argues that the trial court erred in granting a constructive trust. Accordingly, we reverse the judgment and remand this matter to the trial court to proceed in accordance with the Rules of Civil Procedure, whether it be through Civ.R. 53, Civ.R. 56, or otherwise. We do not reach the merits of daughter's assigned errors to the extent that she challenges the weight of the evidence or whether the court abused its discretion, as these arguments are premature given our remand.

{¶22}   Accordingly, the judgment is reversed, and this matter is remanded to the trial court for further proceedings consistent with this decision.

MATT LYNCH, P.J.,
SCOTT LYNCH, J.,
concur.

Case No. 2025-T-0069

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings consistent with the opinion.

Costs to be taxed against appellee.

_____
JUDGE EUGENE A. LUCCI

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0069